### J. W. HEPTINSTALL v. J. E. RUE, JR.

A Justice of the Peace has no jurisdiction of a civil action for a tort.
A promise made without consideration is void.

CIVIL ACTION, tried before MOORE, J., at November (Special) Term, 1875, of HALIFAX Superior Court.

The cause was heard in this Court upon the following

#### CASE AGREED :

This action was instituted in a Court of a Justice of the

Peace to recover the value of a bale of cotton alleged to have been converted to his own use by the defendant.

The plaintiff claimed title to the property under a mortgage executed to him by Wesley Thorne and Turner Thorne.

The plaintiff introduced Wesley Thorne as a witness, who swore that he rented a tract of land from J. E. Rue, Sr., the father of the defendant, for the year 1873, and agreed to allow Turner Thorne to cultivate a part thereof during that year. That Turner Thorne and James Airland entered into an agreement to cultivate said land together, and after paying rent and all other expenses, to divide the surplus of the crop, if there should be any. That Wesley Thorne and Turner Thorne executed the aforesaid mortgage on the 3d day of April, 1873, and the said mortgage was recorded on the 16th of April, 1873. Prior to that time the plaintiff had sold a mule to Turner Thorne for $220.00, and the said mortgage was in part intended as a security for the purchase money thereof.

It was agreed between Turner Thorne and James Airland, that the mule should be paid for out of the proceeds of the crop of that year, and was to be owned equally by them. This contract was made prior to the execution of the mortgage aforesaid, and was assented to by Airland after the execution thereof. Airland had notice of the execution of the mortgage and assented thereto.

It was also in evidence that the bale of cotton was raised by Thorne and Airland on the said land, and having been ginned and packed at the defendant's gin was demanded of the defendant by the plaintiff, who refused to deliver the same and converted it to his own use. It was in evidence that the bale of cotton was worth between $56 and $75.

The defendant introduced James Airland, who testified: That in the early part of the year 1873, he entered into a contract with Turner Thorne to cultivate a crop on said farm. The labor was to be performed by them equally, and

after payment of the cost of cultivating the crop, the same was to be equally divided between them. He never agreed that the mule should be paid for out of the proceeds of the crop and that he should become the one half owner of the same ; that he never assented to the execution of the mortgage aforesaid. He did agree that if they made a good crop, and if the balance due for the mule was not more than $60, it might be paid out of the crop. That the contract between himself and Thorne was reduced to writing. The following is a copy thereof :

This is to certify that Turner Thorne of the one part, and James Airland, have agreed to raise crops together on the following conditions, viz : The crops that we raise for year 1873 are corn and cotton. Each agrees with the other in raising their crops on the plantation of J. E. Rue, that each shall do an equal share of the work and have an equal share of the said crops raised. That as soon as the crops are raised and gathered then the division shall be made.

In witness whereof we have this first day of March, A. D. 1873, mutually set our hands and seals.

TURNER THORNE, [L. s.]<br>JAMES AIRLAND,   [L. s.]

Witnessed by :  J. E. RUE.

Witness further testified :  That after the crop was made, the rent had been paid, and that the bale of cotton in controversy was delivered by him to the defendant in payment of a debt.

His Honor being of the opinion that the mortgage under which the plaintiff claimed was a mere chattel mortgage, and not an agricultural mortgage, instructed the jury that the plaintiff was not entitled to recover in any view of the case. There was a verdict and judgment for the defendant and the plaintiff appealed.

McMILLAN *v.* EDWARDS and another.

*Batchelor & Son,* for the appellant.
*Cooke, Moore & Gatling,* contra.

READE, J.   If the action is for the conversion of the bale of cotton, as it seems to be, it is a tort, of which a Justice has no jurisdiction.   If upon the promise to deliver the bale of cotton, the promise seems to have been without consideration and therefore void.

The case will be remanded that it may be dismissed, and then the parties may proceed upon the other questions as they may be advised.   Plaintiff pay cost of this Court.

PER CURIAM.                    Judgment accordingly.