JOSEPH J. NANCE v. THE CAROLINA CENTRAL RAILWAY
COMPANY.

*Jurisdiction — Justice of the Peace.*

Justices of the Peace have no jurisdiction of actions founded in tort.

(Ch. 16, § 10, Bat. Rev. is improvidently brought forward from the Revised
Code.)

(*Bullinger* v. *Marshall*, 70 N. C. 520 ; and *Heptinstall* v. *Rue*, 75 N. C. 78,
cited and approved.)

CIVIL ACTION brought in a Justice's Court in the county
of BLADEN, in which the plaintiff recovered of defendant
company, the value of a cow which was killed by an em-
ployee of the company, while running an engine and cars on its
road.   The defendant appealed to the Superior Court of said
county and the judgment of the Justice was affirmed at
Chambers, on September 8th, 1875, by *McKoy, J.*

From the judgment of His Honor, the defendant appealed
to the Supreme Court.

*Messrs. Lyon & Lyon*, and *T. H. Sutton*, for the plaintiff.
*Mr. W. F. French*, for the defendant.

BYNUM, J.   There was some dispute between the counsel,
whether a supplemental statement at the foot of the case as
stated and signed by the counsel for plaintiff and defendant,
was a part of the case for this Court.   The supplemental
statement is not signed by either counsel and, therefore, un-
less it had been agreed to be a part of the case, we can de-
cide the case only on the signed statement and the record.

The action was instituted, doubtless, under the Rev. Code,
ch. 17, § 7, which was improvidently brought forward in
Bat. Rev. ch. 16, § 10, as the existing law, and thus misled
the plaintiff.   But, by the Const., Art. IV. § 33, Justices of

the Peace are excluded from all jurisdiction of actions founded in tort. This action belonging to that class, the Justice had no jurisdiction. *Bullinger* v. *Marshall*, 70 N. C. 520 ; *Heptinstall* v. *Rue*, 75 N. C. 78. It can be a matter of little consequence to the plaintiff; whether the appeal is dismissed for want of a case stated in due time, as is insisted upon by him, or whether the judgment is reversed upon the question of jurisdiction, as is insisted upon by the defendant. If not appealed from, even the judgment of the Justice was still a nullity and could not have been enforced against the defendant.

There is error.

PER CURIAM.                              *Venire de novo.*