W. A. ROBERTS v. RICHMOND & DANVILLE RAILROAD COMPANY.

*Railroads—Negligence—Damages—Stock Law.*

1. The *prima facie* evidence of negligence on the part of a railroad company in a suit for damages for killing stock (Bat. Rev., ch. 16, § 11) is not impaired by a local act requiring stock to be fenced in, but the defendant must repel the presumption by satisfactory proof to the jury.

2. The fact that the "stock law" makes it unlawful for the plaintiff to permit his cow to run at large, affords no excuse for an injury to her resulting from the defendant's negligence.

3. The measure of damages in such case is the difference in the value of the cow and that of the beef.

(*Gunter* v. *Wicker*, 85 N. C., 310; *Doggett* v. *R. R. Co.*, 81 N. C., 459; *Durham* v. *R. R. Co.*, 82 N. C., 352; *Burton* v. *R. R. Co.*, 84 N. C., 192, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of MECKLENBURG Superior Court, before *Graves*, J.

This action was commenced before a justice of the peace to recover damages for killing a cow of the plaintiff. The cow, without the plaintiff's knowledge, escaped from the enclosed

pasture ground in which she had been confined, and strayed off and, from a crossing highway, entered upon the track of the defendant's railroad and was seen by the engineer of an approaching train when a mile distant as she came out of a "cut." It was midday; the train consisted of eighteen loaded cars; the engineer applied the brakes and blew the whistle to frighten the animal and make her leave the road, but to no purpose; the cow was struck by the train, before it could be stopped by the appliances at hand, and instantly killed; her value, when alive, was thirty dollars, and her dead body was worth for food about two-thirds of that sum.

Verdict and judgment for plaintiff; appeal by defendant.

*Messrs. Burwell & Walker* and *E. K. P. Osborne*, for plaintiff.
*Messrs. D. Schenck, Reade, Busbee & Busbee* and *Flemming & Robertson*, for defendant.

SMITH, C. J. By a local act applicable to the county of Mecklenburg, where the collision occurred, it is made unlawful for live stock to roam at large in that county, and the owner, who negligently permits it, commits an indictable offence. Act 1876–'77, ch. 122.

The errors assigned in the record brought up by the defendant's appeal, are in the refusal of the court to give to the jury the following instructions:

1. If the plaintiff, being required to keep his cattle fenced in, allowed his cow to stray off and go upon the company's road where she was exposed to injury and was injured by the train, he was guilty of contributory negligence and not entitled to recover.

2. In such case, if liable at all, the defendant would be only liable for the consequences of gross negligence in its officers and agents.

71

3. The measure of damages is the difference in the value of the cow when living and when dead, as she was fit for human food.

4. The defendant also imputes error in the charge that the action being brought within six months, the act of killing under the statute (Bat. Rev., ch. 16, § 11) affords *prima facie* evidence of negligence and requires the defendant to rebut it.

We do not ascribe to the local act, which dispenses with enclosing fences in the county of Mecklenburg, and forbids the running of stock at large within its limits, the force and effect attributed to it in the argument for appellant. Its provisions are necessary and intended only to subserve the general policy of the enactment, and the general license which elsewhere permits stock to roam at large, is here withdrawn. But conceding even this temporary and unobserved escape of the cow from confinement to be *unlawful,* it affords no excuse for an injury resulting from the carelessness and direct mismanagement of the colliding train. The presence of the cow on the track, wrongful though it may have been, did not relieve the person in charge of the train from the obligation of running it with due care and caution, so as not needlessly to inflict injury upon the property of another. The principle is thus announced in the recent case of *Gunter* v. *Wicker,* 85 N. C., 310:

"Notwithstanding the previous negligence of the plaintiff, if, at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie for damages;" and again, "the plaintiff's negligence must have been a proximate cause of the injury, not an occasion for it only, in order to bar a recovery."

This is a salutary and just rule of responsibility in cases where there is concurrent negligence, in different degrees, producing the result.

The statute which presumes negligence from the unexplained fact of injury done, is not repealed, nor its force impaired, by a

local act which requires stock to be fenced in and not suffered to roam upon the unenclosed fields of others, and we see no reason why it should not equally apply in this as in other counties. The presence of stock on the road is essential to the injury in one case as well as in the other, and if this proceed from the want of care in running the train, why should not the same remedy be open to both, and the same evidence available to fix the responsibility? *Doggett* v. *R. R. Co.*, 81 N. C., 459; *Durham* v. *R. R. Co.*, 82 N. C., 532.

The court, therefore, ruled correctly in explaining the statutory presumption, and leaving the facts relied on to repel it to be considered by the jury. Nor was there error in refusing the second instruction as to gross negligence. If there was negligence, there was responsibility; and so the jury were directed.

But we think the court ought to have given the instruction in respect to the measure of damages. The plaintiff is entitled to compensation to the extent of the injury done in actions for trespass—not as in trover to the full value of the property converted. The cow, as the plaintiff testified, was worth from eighteen to twenty dollars, as beef, and was his property still. If she could have been sold for that sum, or was worth it to the owner, he should have made such reasonable use or disposition of the cow as would have proportionately diminished his damages. This rule is established, and we concur in it as a reasonable rule, by *R. R. Co.* v. *Finegan,* 21 Ill., 646; 1 Thomp. on Neg., 539.

Pursuing the course adopted in *Burton* v. *R. R. Co.*, 84 N. C., 192, where the only error was in the ruling as to damages, we set aside the finding on that issue, and award a new trial upon it, and in other respects affirm the judgment. For this purpose we remand the case.

PER CURIAM.                    Judgment accordingly.