HENRY WINSTON v. RALEIGH & GASTON RAILROAD COMPANY.

*Railroads—Negligence in killing stock—Judge's Charge.*

The plaintiff's cow was killed by defendant's freight train, and in a suit for damages for the injury, the engineer testified that the train was running fifteen miles an hour, at night, and by means of the head-light a cow could be seen seventy-five yards in advance; that he discovered the animal at that distance, blew on brakes, but could not possibly stop the train and avoid the accident. The judge charged the jury that the company should provide such appliances as would enable the engineer to stop the train within the distance mentioned; and if not furnished, then it was the defendant's duty to so slacken the speed that the train could be stopped within that distance; *Held,* error. The company cannot be held to so rigid a rule of accountability where, as here, every reasonable precaution was taken.

(*Doggett* v. *Railroad*, 81 N. C., 459, and cases cited; *Proctor* v. *Railroad*, 72 N. C., 579; *Montgomery* v. *Railroad*, 6 Jones, 464; *Forbes* v. *Railroad*, 76 N. C., 454, cited and approved).

CIVIL ACTION tried at January Special Term, 1883, of FRANKLIN Superior Court, before *Philips, J.*

Verdict and judgment for plaintiff; appeal by defendant.

No counsel for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendant.

SMITH, C.-J. In the early part of the night in June, 1882, the defendant's train consisting of two coaches and several box-cars, running upon its track on a down grade, came in contact with two cattle belonging to the plaintiff, and killed them. The plaintiff's action, commenced in September following before a justice of the peace, and removed to the superior court by appeal, is for the recovery of their value, as damages resulting from the alleged negligence of the officers and employees of the defendant in running and managing the train.

The testimony of the engineer in charge, though in conflict with that of the other witnesses for the plaintiff, was in sub-stance: " that the train was then moving at the speed of fifteen miles an hour, while eighteen was schedule-time; that the head-light on the engine illuminated the track so that an object could be seen seventy-five yards in advance; that he discovered the cattle at that distance in front of him and immediately blew the whistle rapidly in quick succession to alarm the cattle, shut off steam and gave the signal to put on brakes; that there were two brakemen on the train, and it was impossible to arrest its progress before striking the cattle." The charge complained of relates to this aspect of the case, and is as follows:

It was the duty of the company to provide the train with such appliances as would enable the engineer to stop the train within the distance at which an object, as large as a cow, could be discovered by means of the head-light, or if such appliances were not furnished, then it was the defendant's duty to so slacken the speed of the train that it could be made to come to a halt within that distance.

The instruction is in substance that the company cannot run their trains in the night-time faster than at a speed which will admit by the use of brakes of being checked, and the train brought to a stop before it has traversed the space illuminated by its head-light, without incurring liability for injury to stock straying on its road-bed. In this statement of the law we do not concur, and if it prevailed it would seriously impair the

usefulness of railroad transportation, which depends largely upon the regularity and rapidity of its runnings by night as well as by day. The occasional and unavoidable injury sometimes done to property, in the language of the court in *Doggett* v. *Railroad*, 81 N. C., 459, "is greatly outweighed by the benefits conferred upon the whole country by railroad transportation, and it would be an unwise policy to hamper the latter and diminish its usefulness by needless restraints."

The cases reviewed in that case and those cited in the brief of defendant's counsel, *Montgomery* v. *Railroad*, 6 Jones, 464; *Proctor* v. *Railroad*, 72 N. C., 579; *Forbes* v. *Railroad*, 76 N. C., 454, leave little for us to say upon the general subject. It is true the law presumes negligence, but this is subject to rebuttal upon proof of facts which show there was none.

We are of opinion that the railroad cannot be held to the rigid rule of accountability laid down by the court, that unless a train can be stopped before reaching an object brought to view by a head-light, it must slacken its speed so that it can be brought to a stand-still. It appears from the engineer's evidence that everything was done which could be done, after the discovery of the cow, to avoid the collision. If accepted by the jury, it was a full defense ; for we cannot impute culpability in the mere fact that the train was moving as described by him. Every reasonable precaution is required to avoid doing injury to the property of others, but trains are not expected to be run so slowly as to deprive the public of great advantages of rapid intercourse and quick exchange of products. There is error, and must be a new trial, and it is so ordered.

Error.                                       *Venire de novo.*