JOHN BARNEYCASTLE v. JOHN WALKER.

*Landlord and Tenant—Jurisdiction of J. P.—Lease and Entry.*

1. The office of the summons is to bring the parties into court; the nature of the action is shown by the complaint.

2. When A leases land to B for some determinate time, it gives B a right of entry which is called his interest in the term; but after actual entry, the estate vests in him, as if by grant, and he is in possession, not properly of the land, but of the term.

3. If the lessor enters and dispossesses his lessee after he has entered upon and taken possession of his term, his remedy is by action *ex delicto;* under the former practice, an action of trespass *quare clausum fregit*, but under the present system an action for a tort.

4. There is no implied contract that the lessor will not molest the lessee, but there is an implied condition, upon a breach of which the lessee is discharged from his obligation to pay rent.

5. A justice of the peace has no jurisdiction of such an action when the damages demanded exceed $50.

6. A tenant can bring trespass against his landlord for forcibly entering and breaking his close, during the term.

(*Hatchell* v. *Kimbrough*, 4 Jones, 163; *Wilson* v. *Moore*, 72 N. C., 558; *Nance* v. *Railroad Co.*, 76 N. C., 9, cited and approved).

This was a CIVIL ACTION tried before *McKoy, Judge,* and a jury, at the February Term, 1885, of DAVIE Superior Court.

The plaintiff in his complaint alleged that in the fall of 1879 he rented the land in question from William Walker, Sr., his home place, the said Walker reserving the house and garden and

truck patches, &c., and plaintiff occupied the same until August, 1880, when he again made a contract with said Walker for the rent of the same land for the next ensuing year, 1881; sowed wheat in the fall of 1880, and occupied the land as tenant of said Walker until after the death of said Walker, which occurred in the month of January, 1881.

That after the death of said Walker, the plaintiff had sowed oats, and was preparing to plant corn, &c., when the defendant took possession of the land and, by threats, prevented the plaintiff from further occupancy of said land, and alleged that he had been damaged to the amount of one hundred and seventy-five dollars.

The defendant denied the allegation of the plaintiff that he had leased the land from William Walker for the year 1881, and contended that the lease made by William Walker expired in the latter part of the year 1880.

The following issues were submitted to the jury:

1. Was the plaintiff rightfully in the possession of the lands described in the complaint in the year 1881?

2. Was the plaintiff wrongfully dispossessed of said land by defendant?

3. How much damages is the plaintiff entitled to recover?

After evidence by both parties tending to support their respective contentions, the jury responded to the first and second issues in the affirmative, and on the third issue assessed the plaintiff's damages at one hundred dollars.

During his argument before the jury, the counsel for defendant moved the Court to non-suit the plaintiff, upon the ground that the Superior Court had no jurisdiction of this action. The Court refused the motion and the defendant excepted, and upon the return of the verdict the Court pronounced judgment in favor of the plaintiff, according to the finding of the jury, from which the defendant appealed.

*Messrs. Clement & Gaither*, for plaintiff.
*Messrs. Coke & Williamson*, for defendant.

ASHE, J. (after stating the facts).    The sole question presented by the record is, whether the Superior Court had jurisdiction of the action?

The position taken by the defendant's counsel, if we understand his argument, was, yielding the agreement as to the rent of the premises for the year 1881—it was only a contract for the use and occupation of the land for a year, and that there was an implied contract on the part of the lessor that he would not disturb the possession of the lessee during the time of his lease, and the entry of the defendant, as heir of the lessor, was a breach of that implied contract, and the action was to recover damages for the breach, and as the damages were laid at a sum under two hundred dollars, the Superior Court had no jurisdiction of the action.

He referred to the summons as proof that the action was *ex contractu,* because the defendant was summoned as administrator of W. Walker.

But the answer to that is, that the summons was against the defendant as such administrator, and against him individually, and the complaint seeks to charge him only in his individual character.    This meets the objection.    For the only office of the summons is to bring the parties before the Court, and the Court, in determining the nature of the action, can only look to the complaint.    *Wilson v. Moore,* 72 N. C., 558.

The counsel for the defendant has overlooked the distinction between an executory and an executed contract.    The first, as defined by Blackstone, is only a *chose in action,* but the latter is a *chose in possession,* and differs nothing from a grant.    2 *Blk. Com.,* page 443.    Thus, in a lease for years, which he defines to be "a contract for the possession of land and tenements for some determinate period, and the lessee enters thereon, the lease does not vest any estate in the lessee, but only gives him a right of entry on the tenement, which right is called his interest in the term; but the estate does not vest in him until he makes an actual entry and thereby accepts the grant, and is in possession,

not properly of the land, but of the term. 2 Blk., 140 and 144. Before the lessee enters and takes possession, his right lies only in contract, but after entry the contract is executed and the estate is absolutely vested in him, as if by grant, for the period of time mentioned in the lease, whether in writing or by parol, unless it should contain some stipulations upon the breach of which the estate is forfeited.

If the defendant had taken possession of the land before the entry of the plaintiff, there would have been much force in his argument, and the authorities cited by him would have been applicable to that state of facts. But here there were no covenants or stipulations in the lease, and the estate for a year vested absolutely in the plaintiff by his entry, before the trespass committed by the defendant, as fully and effectually as though he had a lease for life or a deed in fee simple. There is no implied contract that the lessor will not molest the lessee in his possession; but there is an *implied condition* to that effect, upon a breach of which the lessee is discharged from his obligation to payment. *Taylor's Landlord and Tenant*, section 386.

The defendant, while the plaintiff was thus in possession under his lease, entered upon the premises and dispossessed him. What was his remedy? Most clearly an action *ex delicto.* Under the former practice an action of trespass *quare clausum fregit,* but under the present system an action for a tort, of which a justice of the peace had no jurisdiction before the act of 1876. *Nance* v. *the Carolina Central Railway Company,* 76 N. C., 9; and since that act only a concurrent jurisdiction with the Superior Court when the damages claimed do not exceed fifty dollars. Here the damages claimed are one hundred and seventy-five dollars, and the jury has assessed them at one hundred dollars.

The right of a lessee for years to sue his lessor for a trespass upon the land demised, during the continuance of the lease, is expressly decided in the case of *Hatchell v. Kimbrough,* 4 Jones, 163.

There is no error. The judgment of the Superior Court is therefore affirmed.

No error. Affirmed.