J. C. HORNER v. A. H. A. WILLIAMS, lessee of the Oxford and Henderson Railroad.

*Contributory Negligence—Stock-law*

1. It is not contributory negligence in a plaintiff to put cattle in an enclosure of forty acres through which a railroad runs. The fact that the " stock-law " was in force where the enclosure was situate, makes no difference.

2. Negligence on the part of an injured party will not bar a recovery of damages caused by the negligence of another, unless the negligence of such injured party be the *direct* and *proximate* cause of the injury. *Farmer* v. *R. R.*, 88 N. C., 564, approved.

CIVIL ACTION, originally commenced before a Justice of the Peace for the County of GRANVILLE, to recover the value of plaintiff's cow, killed on defendant's road, and carried by appeal to the Superior Court, and tried before *Shepherd, J.*, at Fall Term, 1887, of said Court.

It was admitted that the plaintiff's cow was killed by defendant's railroad a month before this action was brought: that the value of the cow was $50; that Granville is a stock-law county, and that defendant's railroad is duly incorporated. The defendant denied the negligent killing and also alleged contributory negligence, and two issues were submitted:

1st. Did defendant kill plaintiff's cow through negligence?

2d. Was the killing caused by the negligence of the plaintiff, contributory thereto?

The first issue was found in the affirmative, and the second in the negative.

There was evidence, independent of the statutory presumption, tending to show negligence on the part of the defendant, but there is no exception or question before us bearing upon the first issue, and it is only necessary to state so much of the case as is material to the question involved in the second issue, that is, contributory negligence.

It is in evidence, that the plaintiff's cow, with other cattle, was in an enclosure, containing about forty acres, used for a pasture, lying on both sides of the railroad, with a fence extending to the bed of the road on each side of the same, and with cattle guards between the ends of the fence where the same came to the railroad. That three fourths of the land was on the left side of the road going from Oxford to Henderson, "and within that portion, there was a fish pond near said railroad track; and there was also a branch of water within and running through the same portion of said enclosed parcel of ground or pasture and near to and parallel with said railroad track; that the cattle pasturing in said enclosed parcel of ground or pasture were turned into the same on that side which lay on the right of said railroad in going from Oxford to Henderson, and were usually turned into the same about 7 o'clock, a. m., and taken out a little before sundown, and that the schedule time for defendant's train to leave the depot was 9:15 a. m.; that cattle, running in said enclosed parcel of ground or pasture, could not pass from the portion of the same lying on either side of said railroad to the other, without crossing said railroad track, and could at any and all times freely cross said railroad track, in order to pass from the portion of said enclosed parcel of ground or pasture lying on either side of said railroad, to the other, there being no fence or other obstruction to prevent them

from doing so; that cattle running in said enclosed parcel of ground or pasture had no access to water except at said fish pond or branch, at which, when running in said pasture, they were accustomed to drink; that on the morning of the day when plaintiff's cow was killed she was turned into said enclosed parcel of ground or pasture, along with other cattle, at or about 7 o'clock a. m., and was running loose and unguarded with said other cattle therein; that defendant's regular train left the depot at Oxford for Henderson the same morning at the usual time, according to schedule, to-wit: at or about 9:15 o'clock a. m."

It was also in evidence, that going from the Oxford depot towards Henderson there was a heavy descending grade to and entirely through the enclosed parcel of land.

The defendant's counsel asked no special instructions of the Court.

Among other things, the Court charged the jury, on the second issue, that the fact that plaintiff had fenced in forty acres of land, through which the railroad ran, as a pasture, and kept his cattle therein, would not constitute contributory negligence. To this the defendant's counsel excepted.

There was judgment for the plaintiff, and the defendant appealed.

*Mr. A. W. Graham*, for the plaintiff.
*Mr. C. M. Busbee*, for the defendant.

DAVIS, J., (after stating the case). It is insisted by the defendant that the plaintiff was guilty of contributory negligence in putting his cow and other cattle in an enclosure, such as is described in the evidence, and allowing them to run loose and unguarded therein, with nothing to prevent them from crossing and recrossing the railroad track at will, and that the Court erred in the instructions given to the jury. Granville is a stock-law county, and the able and

learned counsel for the defendant insists that it was a wrongful act on the part of the plaintiff to permit his cattle to run at large, or, what is alleged to be worse, "pen" them on the railroad.

We do not concur in this view, but think that there was no error in the charge of his Honor, that it was not contributory negligence to put cattle in a pasture of forty acres through which the railroad ran. The fact that the "stock-law" was in force could make no difference, even if the fact of negligence on the part of the defendant rested upon no positive evidence, but only upon the statutory presumption. This is settled by *Roberts* v. *Railroad*, 88 N. C., 560, cited by defendant.

In *Farmer* v. *Railroad*, 88 N. C., 564, in considering the question of contributory negligence, ASHE, J., said: "If the act (of the plaintiff) is directly connected so as to be concurrent with that of the defendant, then his negligence is proximate, and will bar his recovery ; but where the negligent act of the plaintiff precedes in point of time that of the defendant, then it is held to be a remote cause of the injury, and will not bar a recovery if the injury could have been prevented by the exercise of reasonable care and prudence on the part of the defendant." So, that assuming in this case that it would be negligence to turn cattle in a pasture of forty acres, as described in the evidence, even then it would not be such a direct and proximate cause of the injury as to bar the plaintiff's recovery, if caused by the want of reasonable care and prudence on the part of the defendant. But we do not think the fact of turning the cattle into such a pasture was *per se* negligence, and we content ourselves with a reference to *Farmer* v. *Railroad, supra,* and the cases there cited.

No error. Affirmed.