The action is brought to recover damages of the defendant for killing plaintiff's bull by the negligent running of defendant's train.
The killing was admitted, and there was evidence as to the value of the animal. It was also in evidence that "the bull was one and one-half miles from the house of the plaintiff when killed."
The defendant introduced as a witness its engineer, B.R. Lacy, who testified: "I was engineer and in charge of the defendant's freight train on the night of 13 September, 1887, and remember killing the plaintiff's stock. It was not raining, but a dark, murky night, and after 8 o'clock. I left Sanford about half hour behind time, and was running a shade over schedule time to make it up. The schedule time was sixteen miles an hour. We are permitted to run thirty miles an hour. I was running about twenty or twenty-five miles an hour. It was a straight stretch for two or three miles in front, and was slightly up (273) grade. I discovered the dim outline of the cattle some 150 feet in front, but so indistinctly that I got within 50 to 75 feet before I could distinguish the objects. I then blew the cattle alarm and attempted to reverse the engine, and to blow on the brakes. I do not know whether the brakes were put on or not. The speed was not checked, and I do not believe could have been checked, before knocking the animals off. I could not stop the train, going at its speed, within the distance. By the headlight, which was the usual one, I could see fifty or seventy-five feet ahead. I was at my post and looking forward on the track at the time of the killing. I had good brakesmen, and my engine was provided with all the modern appliances for stopping the train in such emergencies. I did all in my power to prevent the accident. I have been an engineer about fifteen years." *Page 229 
A witness, Mr. Guess, testified that B.R. Lacy was a man of good character, and a prudent and skillful engineer.
Upon the foregoing evidence, the plaintiff insisted that the statutory presumption of negligence, the action having been brought within six months (The Code, sec. 2326) was not repelled. On the other side, the defendant insisted that there was no negligence, and that if there was, the plaintiff was guilty of contributory negligence, and that, in either event, he was not entitled to recover damages.
The Court told the jury that, according to the statute in such cases, the action having been brought within six months, the law presumes negligence, and it was the duty of defendant to remove that presumption. That if the facts showed that there was, in truth, no negligence, it was their duty so to find; that negligence was a mixed question of law and fact; that in this case, if the train was run faster than schedule time, and was running at the time at so rapid a rate that it could not be controlled or stopped within the distance where the (274) object was discovered, it would have been negligence.
That there was no evidence of contributory negligence. Defendant excepted.
There was a verdict and judgment for the plaintiff, and defendant excepted and appealed.
We think his Honor erred in charging the jury "that, in this case, if the train was run faster than schedule time, and was running at the time at so rapid a rate that it could not be controlled or stopped within the distance when the object was discovered, it would have been negligence." The defendant can be held to no such rigid rule of accountability as this. According to the only testimony upon the question the engineer was permitted to run thirty miles an hour. He was running twenty or twenty-five miles an hour, and if, as soon as he saw, or with proper care might have seen, the animal on the track, he did everything that could be safely and reasonably done to avoid the accident, it would be a full defense to plaintiff's claim to damages. Winston v. R. R., 90 N.C. 66, and cases there cited. If the facts testified to by the engineer be accepted by the jury as true, there was no negligence on the part of defendant.
There was error, and the defendant is entitled to a new trial.
Error.
Cited: Malloy v. Fayetteville, 122 N.C. 484; Fleming v. R. R.,168 N.C. 249. *Page 230 
(275)