W. B. MALLOY et al. v. CITY OF FAYETTEVILLE.

(Decided April 26, 1898).

*Action for Damages—Justice of the Peace—Jurisdiction—Constitutionality of Statute.*

1. The General Assembly has power under Section 12 of Article IV to apportion out the judicial power and jurisdiction below the Supreme Court as it deems fit, except when to do so conflicts with other provisions of the Constitution.

2. The provision in Section 27, Article IV of the Constitution, authorizing the General Assembly to give to Justices of the Peace "jurisdiction of other civil actions wherein the property in controversy does not exceed fifty dollars," is not a restriction, even by implication, to forbid conferring jurisdiction where *damage* and not *property*, is in controversy.

3. Section 888 of *The Code* authorizing action for "damages" not exceeding fifty dollars to property, though the property be of greater value, does not contravene Section 27 of Article IV of the Constitution, and is authorized by Section 12 of said Article.

4. A Justice of the Peace has jurisdiction of an action for damages not

exceeding fifty dollars for injury to personal property, though such property be of greater value than fifty dollars.

FAIRCLOTH, C. J., and MONTGOMERY, J., dissent.

CIVIL ACTION for damages to personal property, tried before *Coble, J.*, and a jury at April Term, 1897, of CUMBERLAND Superior Court, on appeal from a judgment by a Justice of the Peace. There was a verdict for the plaintiffs, and defendant appealed from the judgment thereon. In this Court, for the first time, defendant excepted to the jurisdiction of the Justice of the Peace of an action for damages to personal property.

*Messrs. J. C.* and *S. H. McRae* for plaintiffs.
*Mr. H. McD. Robinson*, for defendant (appellant).

CLARK, J.: The Constitution, Article IV, Section 12, empowers the General Assembly to "allot and distribute that portion of the judicial power and jurisdiction, which does not pertain to the Supreme Court, among the other courts prescribed in this Constitution, or which may be established by law, in such manner as it may deem best," (and also to regulate appeals and procedure), "so far as the same may be done without conflict with other provisions of this Constitution." Section 27 of the same Article gives Justices of the Peace jurisdiction "of civil actions founded on contract, wherein the sum demanded shall not exceed $200, and wherein the title to real estate shall not be in controversy. . . . . And the General Assembly may give to Justices of the Peace jurisdiction of other civil actions, wherein the value of the property in controversy does not exceed fifty dollars."

By virtue of that permission, the General Assembly

122—31

enacted *The Code*, Section 887 : "Justices of the Peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the value of the property in controversy does not exceed fifty dollars."

Then, by virtue of the broader permission in Section 12, Article 4, which by its terms applies both to "courts prescribed in this Constitution or which may be established by law," the General Assembly enacted *The Code*, Section 888 : "All actions in a court of a Justice of the Peace for the recovery of damages to real estate, or for the conversion of personal property, or *any injury thereto*, shall be commenced and prosecuted to judgment as provided in civil actions in a justice's court." There has been an exactly similar extension of jurisdiction as to attachment proceedings. *Long* v. *Insurance Company*, 114 N. C., 465 at p. 470. This is an action in a justice's court, alleging fifty dollars damages for injury to personal property, and must be sustained unless we adjudge that the General Assembly had no power to "allot and distribute jurisdiction" to a justice of the peace in an action for $50 injury to personal property.

In *Ryne* v. *Lipscombe*, *Tate* v. *Commissioners* and *State* v. *Ray*, all at this term, the Court held that the power of the General Assembly to allot and distribute the jurisdiction below this Court was unlimited, save by the provision that such allotment "must be done without conflict with other provisions of this Constitution," and it was held that the statute under consideration in those cases did conflict, for reasons therein stated, with the constitutional provisions as to the Superior Court, and also with the provision in Section 27, giving an appeal to that Court from a Justice of the Peace, but it was held that, save where there was a conflict with other provisions of the Constitution, the General Assembly

could apportion out the jurisdiction below this Court as it saw fit.

The provision in Section 27, bestowing express permission to give Justices of the Peace "jurisdiction of other civil actions, wherein the property in controversy does not exceed fifty dollars," is not a restriction, even by implication, to forbid conferring jurisdiction where damages, not property, is in controversy. It certainly does not restrain the broader power given in the constitutional amendment of 1875 (now section 12 of Article IV), by virtue of which the General Assembly has given Justices of the Peace jurisdiction of "damage to real estate, and for the conversion of personal property, or for injury thereto, under the same rules of procedure as in other civil actions in a justice's court." *Code*, Section 888.

There are inseparable reasons for not holding this last statute unconstitutional : First, an enactment of the body charged by the Constitution with the law-making power, should not be adjudged unconstitutional by this co-ordinate department unless it is clearly and plainly so. "If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people." *Sutton* v. *Phillips*, 116 N. C., 502.

Second : This section has been repeatedly recognized as valid and constitutional ever since its enactment 22 years ago. Judgments have been obtained in actions brought under its provisions, and property sold and titles acquired at sales under execution issued thereon, which will be void (except where ripened by the statute of limitations) if the Court was without jurisdiction to render judgment. *Noville* v. *Dew*, 94 N. C., 43. Among the cases in this Court recognizing the constitutionality

of this statute are *Barneycastle* v. *Walker*, 92 N. C., 198, 201; and *Harvey* v. *Hambright*, 98 N. C., 446, and there are others. It is a sound maxim *quieta non movere.*

Great numbers of actions for damages arising out of *tort* not exceeding fifty dollars have been brought before Justices of the Peace in the 22 years since this statute has been enacted. Probably the most usual kind has been, like the present, actions asking damages for injury to live stock, often for their being killed on the railroad. Prior to the constitutional amendment of 1875 and the Act of 1876, Chapter 251, (now *Code*, Section 888.) it was held that the justice of the peace did not have jurisdiction of an action for damages for negligent killing of live stock, *Nance* v. *Railway Co.*, 76 N. C., 9, which was for damages for negligence in killing a cow. In *Krider* v. *Ramsay*, 79 N. C., 354, (at p. 359), Bynum, J., recognizes that this had then been changed. Accordingly, in *Roberts* v. *Railroad*, 88 N. C., 560, and *Winston* v. *Railroad*, 90 N. C., 66, the jurisdiction of the justice of the peace of an action for damages less than $50 for "injury to personal property" in killing a cow, was accepted as settled law, and has been so recognized by this Court ever since. Among the cases (too numerous to mention) in which the jurisdiction of the justice in such cases is accepted as settled, without re-adjudication, are *Hardison* v. *Railroad*, 120 N. C., 492, (Furches, J.); *Doster* v. *Street Railway*, 117 N. C, 651, (in which case, like this, the frightened animal broke a buggy); *Seawell* v. *Railroad*, 106 N. C., 272; *Bethea* v. *Railroad*, Ibid, 279; *Horner* v. *Williams*, 100 N. C., 230. Nor has the jurisdiction been confined to injuries to live stock. In *Black* v. *Railroad*, 115 N. C., 667, this Court affirmed a judgment in an action begun before a Justice of the Peace for damages sustained in burning the plaintiff's

turpentine by fire negligently permitted to escape from the defendant's engine, and in *Young* v. *Railroad*, 116 N. C., 932, (Faircloth, C. J.,) similar jurisdiction in a Justice of the Peace was recognized for damages from negligent burning of personal property not held by virtue of contract as common carrier, but held at the owner's risk.   Jurisdiction in a Justice of the Peace was recognized to exist for damages "not over $50," for "conversion of personal property," (*Code*, Section 888), in *Bell* v. *Howerton*, 111 N. C., 69; for damages for negligence in burning timber, in *Basnight* v. *Railroad*, 111 N. C., 592; for damages for trespass, *Ginsberg* v. *Leach*, Ib., 15; for trespass in cutting trees, in *Edwards* v. *Cowper*, 99 N. C., 421 at p. 424; and for tortious taking of property "not over $50," in *Womble* v. *Leach*, 83 N. C., 84 at p. 86. The list of cases might be greatly extended, but a jurisdiction so long, so often and so universally recognized cannot be plainly unconstitutional.   It would be a serious inconvenience to the public if actions for these small *torts* could be brought only in the Superior Court, and it was because previous experience had so proved that the constitutional amendment of 1875, (Article IV, Section 12), took the Constitution out of a straight jacket and conferred this discretionary power of "allotting and distributing the jurisdiction" upon the General Assembly, which can respond speedily to public demands and needs in such regard.

And furthermore, the jurisdiction of these lower courts, near to the people and inexpensive, is to be favored.   In them, matters in difference are settled in the neighborhood by magistrates who know the parties, and without the expense of attending many days at the perhaps distant county-seat, with heavy bills of costs, and the necessity of employing and paying counsel.   If

either party, however, is dissatisfied with the adjudication upon a small claim for damages, he has the right of appeal, as in an action upon contract or in claim and delivery. *The Code*, Section 888, however, does not authorize the bringing of actions for slander, libel and other unliquidated damages not arising out of injury to property, and this opinion is not to be understood as holding that it does.

This exception to the jurisdiction was made for the first time in this Court, as the appellant had the right to do, or the Court could make it *ex mero motu*. Rule 27. All the exceptions taken below were without merit and require no detailed consideration.

Affirmed.

MONTGOMERY, J., dissenting: This action was commenced in a court of a Justice of the Peace, *in tort* for damages to personal property. The Constitution of 1868, Article IV, Section 33, conferred upon Justices of the Peace *exclusive original jurisdiction* of all civil actions founded on contract wherein the sum demanded should not exceed two hundred dollars and the title to real estate should not be in controversy. The Constitution of 1875, Art. IV, Sec. 27, also prohibits Justices of the Peace from taking jurisdiction in matters wherein the title to real estate is in controversy, and gives them jurisdiction (exclusive or concurrent with other courts, as the General Assembly might provide) of civil actions founded on contract wherein the sum demanded does not exceed $200. In the same section and article of the Constitution of 1875, the General Assembly is given the power to increase the jurisdiction of Justices of the Peace in these words: "And the General Assembly may give to Justices of the Peace jurisdiction of other civil actions

wherein the value of the property in controversy does not exceed fifty dollars". In the Acts of 1876–7, Chapter 251, Section 1, the General Assembly exercised the power conferred by the Constitution, and enacted *in the precise words of the Constitution* that "Justices of the Peace shall have concurrent jurisdiction of civil actions not founded on contract wherein the value of the property in controversy does not exceed fifty dollars."

Section 2 of the same Act is in the following words, "All actions in a court of a Justice of the Peace for the recovery of damages to real estate or for the conversion of personal property, or any injury thereto, shall be commenced and prosecuted to judgment under the same rules of procedure as provided in civil actions in a Justice's court." The section (2) last quoted of the Act is not authorized by the Constitution, and the General Assembly in its attempt to enact such a provision of law exceeded its powers The Constitution plainly limits the extension of jurisdiction of Justices of the Peace to civil actions not founded on contract *wherein the value of the property in controversy* does not exceed fifty dollars. The language *"property in controversy"* can have no other meaning than that the *property itself*—the title and the right of possession of the property—must be the subject of the action. The Constitution nowhere uses the word *damages* synonymously with *property in controversy* or in the least way connected with the prospective extended jurisdiction of the Justices of the Peace; and it only could have been intended in that instrument, on that subject, that persons who had a right to, or who had been unlawfully deprived of, the possession of personal property, of the value of fifty dollars or less, might have a speedy remedy in law for recovering its possession. And it must be particularly observed that

the limitations placed upon the jurisdiction of Justices of the Peace, in Section 27 of Article IV of the Constitution, are not and cannot be affected by the provisions of Section 12 Article IV of the Constitution. The last mentioned section on its face, refers to such courts *inferior to the Supreme Court* to be thereafter established, and it especially and pointedly declares that, in any distribution of the judicial powers, the same shall be done without conflict with other provisions of the Constitution. As we have said, Article IV, Section 27 of the Constitution contained a limitation upon the power of the General Assembly to extend the jurisdiction of the Justices of the Peace; that limitation being that such jurisdiction should be extended only to other civil actions wherein the *value of the property in controversy* should not exceed fifty dollars. And it would seem that there was good reason for the extension of the jurisdiction of the Justices of the Peace as permitted by the Constitution and as was enacted in Section 1 of the Act referred to. The unlawful taking by one of another's ox or cow, or other article of personal property constituting a necessary of life, would be a most serious matter to many of our people, and its prompt return by the Justices trial and judgment with its small costs and small loss of time would be most desirable and necessary to the comfort and well-being of the person unjustly deprived of such property. The Justice, too, would have less difficulty in determining who was entitled to the possession of personal property than he would have in passing upon the oftentimes complicated law points arising upon the measure of damages and upon the rules of evidence governing suits for damages. Also, in actions for damages to either personal or real estate, the injury having already been done, the complainant could

wait until the Superior Court could take jurisdiction and more thoroughly hear and determine the matter. We are aware that there have been numerous *dicta* on this subject in our decisions, but in not a single one of the cases, so far as we have been able to see, was the question whether an action in *tort* for damages growing out of injury to either personal or real property the precise point for decision.   I am of the opinion that the action should have been dismissed for want of jurisdiction and, on that account, the judgment below ought to be reversed.

FAIRCLOTH, C. J., dissenting:   The question of jurisdiction is the principal one in this case and it must be admitted that it is an important and serious question, requiring our best consideration.   It is a constitutional question, and now the inquiry is whether the Act of the Legislature of 1876-7, Chapter 251, exceeds the constitutional limit.

It is found by the jury that the plaintiff's horse and buggy were damaged by the negligence of the defendant.   It appears, or is admitted that the horse and buggy are worth $100 or more.   The plaintiff sues in *tort* before a Justice of the Peace for $50 damages.   Has the Justice of the Peace jurisdiction ?

In the Constitution, Article IV, Section 12, the General Assembly is empowered to allot and distribute that portion of the judical power and jurisdiction, which does not pertain to the Supreme Court, among the other courts as it may deem best, . . . . provide for appeals and regulate the methods of proceeding in the exercise of their powers "so far as the same may be done without conflict with other provisions of this Constitution."

Since the Constitution of 1868, Justices of the Peace

have civil jurisdiction in actions founded on contract where the sum demanded does not exceed $200. The Constitution, Article IV, Section 27, says: "And the General Assembly may give to Justices of the Peace jurisdiction of other civil actions wherein the *value of the property* in controversy does not exceed $50."

The foregoing is the extent of a magistrate's jurisdiction authorized by the Constitution. The Act of 1876–7, Section 1, after reciting the civil jurisdiction in the language of the Constitution says: "Justices of the Peace, shall have concurrent jurisdiction of civil actions not founded on contract wherein the *value of the property* in controversy does not exceed $50"; and in Section 2: "All actions in a court of a Justice of the Peace for the recovery of damages to real estate or for the conversion of personal property or an injury thereto, shall be commenced and prosecuted to judgment under the same rules of procedure as provided in civil actions in a justice's court." It will be observed that the language of the Act is more extensive than that of the Constitution, and therefore the latter is a limitation upon the former, as by no process of reasoning can "damages" and "the value of the property in controversy" be assimilated. The evident meaning of the Constitution is to confer jurisdiction on the Justices to award damages when the injury is done to property of no more value than $50, so that neither can ever exceed that amount. If that be not so, then the Justice may take jurisdiction of injuries to property of the largest value, provided the owner shall lay the damage at $50 or less. Why limit the jurisdiction to injuries to property of no more value than $50 ? may be asked. The answer is that that is the plain meaning of the language of the Constitution. *Lex ita scripta est.* The reason for this limitation

seems to be to enable the small owner, as of a cow worth $25, to obtain his remedy for small damages, even if the property be literally destroyed or killed, speedily and without costly delay. If the damage is the test of jurisdiction, without regard to property or its value, then Justices may take cognizance of actions for slander or libel, provided the complainant shall lay his or her injury or damage at $50. If the theory of the advocates of the jurisdiction is correct, then it is within the power of the Legislature to extend the jurisdiction to any case of damage to stock, property or the killing of a human being by a railroad engine or other powerful agency. This is the logical conclusion, and the absurdity of a Justice of the Peace at the trial passing upon the competency of important questions of evidence laid down in Greenleaf and Wharton, and, in cases of death, applying the principles of negligence, contributory negligence, "last clear chance" and the like, must be apparent.

This question has never been considered or passed on by this Court. There are several cases in our later Reports, tried by Justices of the Peace, wherein damages were allowed when the value of the *property in controversy* was more than $50, but in no case was the jurisdictional question insisted on, or considered or decided by this Court, so that we have decisions which have not decided this question.

As the Constitution is the authority for legislation, it is our duty to observe and enforce its provisions, and if any error has crept into the decisions of this Court, by inadvertence or otherwise, it should be corrected at the first discovery and opportunity, especially in cases where no rights of property or person have vested by reason of such decisions. At this point, the remarks of Pearson, J., in *Gaskill* v. *King*, 34 N. C., 211, are pertinent:

"My idea is that 'law' is not a mere list of decided cases, but a *liberal science* based on general principles and correct reasoning. Cases are mere evidence of what the law is; and if a case is found to be unsupported by principle and 'the reason of the thing,' the court is no more bound to follow it than is a jury bound to believe a witness who is discredited by proof of his bad character, or his demeanor or direct contradiction. In the one there is a *sworn* witness; in the other, there is a decided case; both are *prima facie* entitled to credit, until the contrary is made to appear. It is true law should be 'fixed and steady,' but it is also true it should be 'reasonable and right.' The latter is the most important, because, without it, the former object cannot be attained. There are two extremes—a disregard of authority, which I disclaim, and a blind-folded following of cases, which I also disclaim, as not only absurd but impossible, (for, suppose a court in attempting to follow a case, should 'miss the point,' which case is then to be followed?) There is a medium which I try to adhere to: take a comprehensive view of all the cases from the 'Year Books' down to the present time—has not this middle course been adopted and acted on throughout? Is it not supported by good sense and general practice? Let a case be taken as settling the law *prima facie;* but if it is shown not to be supported by principle and 'the reason of the thing,' let it be overruled—the sooner the better; for, if the error is allowed to spread, it may insinuate itself into so many parts and become so much ramified as to make it impossible to eradicate it, without doing more harm than good, but if the seed has not spread too much, pull it up and throw it away."