FAIRCLOTH, C. J., and MONTGOMERY, J., dissent.
The Constitution, Art. IV, sec. 12, empowers the General Assembly to "allot and distribute that portion of the judicial power and jurisdiction, which does not pertain to the Supreme Court, among the other courts prescribed in this Constitution, or which may be established by law, in such manner as it may deem best" (and also to regulate appeals and procedure), "so far as the same may be done without conflict with other provisions of this Constitution." Section 27 of the same article gives justices of the peace jurisdiction "of civil action founded on contract, wherein the sum demanded shall not exceed $200, and wherein the title to real estate shall not be in controversy. . . . And the General Assembly may give to justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed $50."
(482) By virtue of that permission, the General Assembly enacted The Code, sec. 887: "Justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the value of the property in controversy does not exceed $50."
Then, by virtue of the broader permission in section 12, Article IV, which by its terms applies both to "courts prescribed in this Constitution or which may be established by law," the General Assembly enacted The Code, sec. 888: "All actions in a court of a justice of the peace for the recovery of damages to real estate, or for the conversion of personal property, or any injury thereto, shall be commenced and prosecuted to judgment as provided in civil action in a justice's court." There has *Page 297 
been an exactly similar extension of jurisdiction as to attachment proceedings. Long v. Ins. Co., 114 N.C. 465, at page 470. This is an action in a justice's court, alleging $50 damages for injury to personal property, and must be sustained unless we adjudge that the General Assembly had no power to "allot and distribute jurisdiction" to a justice of the peace in an action for $50 injury to personal property.
In Rhyme v. Lipscombe, post, 650; Tate v. Comrs., post, 661, andS. v. Ray, post, 1097, the Court held that the power of the General Assembly to allot and distribute the jurisdiction below his court was unlimited, save by the provision that such allotment "must be done without conflict with other provisions of this Constitution," and it was held that the statute under consideration in those cases did conflict, for reasons therein stated, with the constitutional provisions as to the Superior Court, and also with the provision in section 27, giving an appeal to that court from a justice of the peace, but it was held that, save where there was a conflict with other provisions of the Constitution, the General Assembly could apportion out the jurisdiction below this Court as it saw fit. (483)
The provision in section 27, bestowing express permission to give justices of the peace "jurisdiction of other civil actions, wherein the property in controversy does not exceed $50," is not a restriction, even by implication, to forbid conferring jurisdiction where damages, not property, is in controversy. It certainly does not restrain the broader power given in the constitutional amendment of 1875 (now section 12 of Article IV), by virtue of which the General Assembly has given justices of the peace jurisdiction of "damage to real estate, and for the conversion of personal property, or for injury thereto, under the same rules of procedure as in other civil actions in a justice's court." Code, sec. 888.
There are inseparable reasons for not holding this last statute unconstitutional: First, an enactment of the body charged by the Constitution with the law-making power, should not be adjudged unconstitutional by this coordinate department unless it is clearly and plainly so. "If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people." Sutton v. Phillips, 116 N.C. 502.
Second. This section has been repeatedly recognized as valid and constitutional ever since its enactment twenty-two years ago. Judgments have been obtained in actions brought under its provisions, and property sold and titles acquired at sales under execution issued thereon, which will be void (except where ripened by the statute of limitations) if the court was without jurisdiction to render judgment. Noville v. Dew,94 N.C. 43. Among the cases in this Court recognizing the *Page 298 
constitutionality of this statute are Barneycastle v. Walker, 92 (484) N.C. 198, 201, and Harvey v. Hambright, 98 N.C. 446, and there are others. It is a sound maxim quieta non movere.
Great numbers of actions for damages arising out of tort not exceeding $50 have been brought before justices of the peace in twenty-two years since this statute has been enacted. Probably the most usual kind has been, like the present, actions asking damages for injury to live-stock, often for their being killed on the railroad. Prior to the constitutional amendment of 1875 and the act of 1876, ch. 251 (now Code, sec. 888), it was held that the justice of the peace did not have jurisdiction of an action for damages for negligent killing of live-stock. Nance v. R. R.,Co., 76 N.C. 9, which was for damages for negligence in killing a cow. In Krider v. Ramsey, 79 N.C. 354 (at page 359), Bynum, J., recognizes that this had then been changed. Accordingly, in Roberts v. R. R.,88 N.C. 560, and Winston v. R. R., 90 N.C. 66, the jurisdiction of the justice of the peace of an action for damages less than $50 for "injury to personal property" in killing a cow, was accepted as settled law, and has been so recognized by this Court ever since. Among the cases (too numerous to mention) in which the jurisdiction of the justice in such cases is accepted as settled, without readjudication, are Hardison v. R. R.,120 N.C. 492 (Furches, J.,); Doster v. St. R. R., 117 N.C. 651 (in which case, like this, the frightened animal broke a buggy); Seawell v.R. R., 106 N.C. 272; Bethea v. R. R., ibid., 279; Horner v. Williams,100 N.C. 230. Nor has the jurisdiction been confined to injuries to live-stock. In Black v. R. R., 115 N.C. 667, this Court affirmed a judgment in an action begun before a justice of the peace for damages sustained in burning the plaintiff's turpentine by fire negligently (485) permitted to escape from the defendant's engine, and in Young v. R. R., 116 N.C. 932 (Faircloth, C. J.,) similar jurisdiction in a justice of the peace was recognized for damages from negligent burning of personal property not held by virtue of contract as common carrier, but held at the owner's risk. Jurisdiction in a justice of the peace was recognized to exist for damages "not over $50," for "conversion of personal property" (Code, sec. 888), in Bell v. Howerton,111 N.C. 69; for damages for negligence in burning timber, in Basnightv. R. R., 111 N.C. 592; for damages for trespass, Ginsbery v. Leach,ibid., 15; for trespass in cutting trees, in Edwards v. Cowper, 99 N.C. 421, at page 424; and for tortious taking of property "not over $50," inWomble v. Leach, 83 N.C. 84, at page 86. The list of cases might be greatly extended, but a jurisdiction so long, so often, and so universally recognized cannot be plainly unconstitutional. It would be a serious inconvenience to the public if actions for these small torts could be brought only in the Superior Court, and it was because previous *Page 299 
experience had so proved that the constitutional amendment of 1875 (Article IV, section 12) took the Constitution out of a straight jacket and conferred this discretionary power of "allotting and distributing the jurisdiction" upon the General Assembly, which can respond speedily to public demands and needs in such regard.
And furthermore, the jurisdiction of these lower courts, near to the people and inexpensive, is to be favored. In them, matters in difference are settled in the neighborhood by magistrates who know the parties, and without the expense of attending many days at the perhaps distant county-seat, with heavy bills of cost, and the necessity of employing and paying counsel. If either party, however, is dissatisfied with the adjudication upon a small claim for damages, he has the right of appeal, as in an action upon contract or in claim and delivery. The (486) Code, sec. 888, however, does not authorize the bringing of actions for slander, libel, and other unliquidated damages not arising out of injury to property, and this opinion is not to be understood as holding that it does.
This exception to the jurisdiction was made for the first time in this Court, as the appellant had the right to do, or the Court could make it exmero motu. Rule 27. All the exceptions taken below were without merit and require no detailed consideration.
Affirmed.