JOHN CULBRETH and wife, MARY K. CULBRETH, v. J. B. SMITH, Executor of Euphenia Keith.

(Decided March 28, 1899).

*Judgment—Amendment—Executors.*

1. It is clearly within the power of the Court to alter or amend its judgment during the term at which it was rendered.

2. Where the complaint charged a *devastavit*, and no answer was filed, but it appeared upon the face of the complaint that the balance reported against the defendant was a balance due upon a note executed by himself to the testatrix in her lifetime, a personal judgment for the debt and costs was all that the plaintiff was entitled to, as beneficiary under the will.

3. A judgment by default, rendered at an earlier day of the term, adjudging a misapplication of assets and awarding an execution against the person of the defendant, was properly modified into a personal judgment for the debt and costs.

CIVIL ACTION by legatee against executor for amount ascertained to be due and reported in a proceeding before the Clerk, tried before *Bynum, J.,* at November Term, 1898, of CUMBERLAND Superior Court. Judgment by default for want of answer for debt and costs. Plaintiff excepted to a personal judgment only against defendant, claiming that he was entitled to a judgment adjudging the *devastavit* charged in the complaint and authorizing the issue of execution against the person of defendant.

Appeal by plaintiff.

*Mr. S. H. MacRae,* for plaintiff (appellant).
*Mr. N. A. Sinclair,* for defendant.

MONTGOMERY, J.    This action was commenced by the

124—19

plaintiffs to recover of the defendant the sum of $273.02, a balance found to be due to the *feme* plaintiff by the defendant on his final account as executor of Euphenia Keith. It appears from the complaint that the defendant had filed his final account to which in some way exceptions had been made by the *feme* plaintiff, and that upon appeal the Judge had made an order, directed to the Clerk of the Superior Court of Cumberland County, to state the account between the defendant and the estate of the testator. The Clerk, in accordance with this order, restated the account, and the same is made a part of the plaintiff's complaint.

It appears on the face of the account that the balance found due to the estate by the defendant consists of a balance due upon a note executed by the defendant himself to the testatrix in her lifetime. There was an allegation in the complaint that the defendant had fraudulently misapplied the balance found due on the account by converting the same to his own use and had refused to pay the same to the plaintiff.

In. default of an answer by the defendant, judgment was rendered by the Court for the balance found due on the account, and it was adjudged that the defendant had fraudulently misapplied the same to his own use. Execution also was ordered to be issued against the property of the defendant for the amount of the judgment and costs, and on failure of the satisfaction of the judgment under the execution against property, execution was to issue against the person of the defendant. At the same term of the Court that judgment was changed and modified by having struck out of its provisions all that part of the same which authorized the issue of execution against the person of the defendant, and also that part which adjudged that the defendant was guilty of fraudulent misapplication of any part of the estate

to his own use.   To the modification and alteration of the original judgment, the plaintiff excepted and appealed.

His Honor clearly had the power to alter or amend the judgment during the term at which it was rendered.   The only question then is, "Was the judgment such a judgment as the plaintiff was entitled to upon the complaint?   We are of the opinion that it was.   The complaint, it is true, alleged that the defendant had fraudulently misapplied a part of the assets of the estate.   But the final account was made a part of the complaint, and upon its face it appears that the funds alleged to be misapplied and converted by the defendant were a balance due upon a note executed by the defendant himself to the testatrix in her lifetime.   If the defendant had collected the note of some other person belonging to the estate or had used it for himself by assignment or hypothecation, and had been charged in the complaint with a fraudulent misapplication and conversion and had put in no answer to the charge, then, upon judgment by default, it would have been proper to adjudge the defendant guilty of conversion, and the case of *McLeod v. Nimocks,* 122 N. C., 437,. cited us by the plaintiff's counsel, would have been in point.

Affirmed.