HOWITT PROCTOR *v.* W. & W. RAILROAD COMPANY.

Where in an action against a Railroad Company brought within six months, to recover damages for an injury to plaintiff's cow, it was proved that the cow jumped on the track at the opening of a cut some two hundred yards in front of the defendant's engine, which was running at the rate of twenty-three miles an hour; and it was further proved, that as soon as the cow was discovered, the engineer blew the alarm whistle and reversed the engine and the brakes were applied, and that the engine running at that rate of speed could not be stopped under four hundred yards: *Held*, that the defendant's agents were not guilty of any neglect, and that the Company was not responsible for the injury resulting from the engineer's running against the cow.

CIVIL ACTION, tried before *Watts, J.,* at Spring Term, 1874, NASH Superior Court.

The suit was brought to recover damages for injuring a cow, and was referred to John H. Thorp, who returned the following report:

1. "I find as matters of fact, that on the 26th day of March, 1872, about two and a half miles south of Rocky Mount, on the defendant's railroad, which divides at that point the counties of Nash and Edgecombe, the defendant's mail train, knocked off said road a cow belonging to the plaintiff, so injuring her as to render her valueless, except as to her skin ; that said cow was worth thirty dollars, and her skin after being taken off was worth two dollars. That said cow jumped across a ditch upon said railroad, within two hundred yards in front of said train,

while it was running at the rate of twenty-three miles an hour, that the engineer of said train, an agent of the defendant, blew the alarm whistle, that the brakes were applied and the engine reversed and the speed of the engine slacked to about twenty miles an hour, when the cow was struck. That the ground was about level where the cow was struck, the train being in a cut twelve feet deep when she came on the track, the cow being at the end of the cut. That the train had all the necessary appliances of brakes and breakmen, and could not have been stopped in less than four hundred yards, while running at that speed. That this action was brought within six month after the injury to the cow. That the loss of plaintiff by reason of the injury to said cow was twenty-nine dollars.

I find as matters of law, 1. That defendant was not negligent in having injured said cow.

2. That said defendant is not liable for the injury done.

Wherefore it is considered that the defendant go without day.

To this report the plaintiff excepted, on the ground that the facts found did not in law, warrant the conclusions.

The Court sustained the exception, whereupon the defendant appealed upon the following grounds :

1. Because his Honor erred in sustaining said exception.

2. Because the conditions of law were warranted by the facts as found by the referee.

*Moore & Gatling,* for defendant.
No counsel in this Court, *contra.*

Settle, J.  This action having been commenced within six months after the injury complained of, there is a presumption of negligence against the defendant.

But the facts found by the referee more than rebut that presumption and show positively that the defendant exercised due care.

A cow jumped across a ditch upon the track of the defendant's road, two hundred yards ahead of the engine, while the mail train was running at the rate of 23 miles an hour. From the nature of the surrounding ground, and a cut in which the train was, the engineer could not see the cow until she jumped upon the track.

The engineer blew the alarm whistle, the breaks were applied, the engine was reversed and the speed slackened to the rate of 20 miles an hour. The train was provided with breaks and breaksmen and could not have been stopped in less than four hundred yards while running at that speed.

The agents of the road seem to have been both vigilant and active; the engineer was at his place, the breaksmen were at theirs; and they did all in their power to prevent the accident.

What more could have been done? Nothing that we can see, unless the road had been required to fence the track.

Railroads are very properly held to a rigid accountability; but they are of great public benefit, and should not be subjected to such unreasonable restrictions as would destroy or greatly impair their usefulness.

The judgment of the Superior Court is reversed.

Let judgment be entered here for the defendant.

PER CURIAM.                    Judgment below reversed.