*ISAAC FORBES v. THE ATLANTIC & NORTH CAROLINA RAILROAD COMPANY.

*Negligence -- Failure of Rail Road Company to Provide Brakes -- Injury to Stock -- Contributory Negligence.*

1. It is the duty of a Rail Road Company to provide a sufficient number of brakes upon a train to stop it within a reasonable time and distance, and a failure to do so is negligence.

2. If one wantonly or carelessly drives stock upon the track of a rail road he is guilty of contributory negligence, and if the stock is injured, cannot recover in an action against the Rail Road Company.

CIVIL ACTION to recover Damages of the defendant Company for killing two mules belonging to the plaintiff, tried at Fall Term, 1876, of CRAVEN Superior Court, before *Seymour, J.*

The defendant admitted that the mules were killed by a freight train as alleged, but insisted that the accident was unavoidable.

The engineer of the train testified that the mules came on the track from an old road which crossed the railroad about 300 yards ahead of the locomotive; that the train was running at the rate of about thirteen miles an hour down grade; that as soon as he saw the mules "he blew brakes, reversed the engine and blew the usual alarm whistle for frightening stock from the track;" that all the brakes were applied, being four in number on the train which consisted of ten cars heavily laden, and that it was impossible to stop the train to prevent injury to the mules. This evidence was corroborated by another engineer who was on the train as a passenger, and by the brakesmen, one of whom further tes-

---

*Faircloth, J. being a stockholder in defendant Company did not sit at the hearing of this case.

tified that he had been in the service of defendant company for several 'years as brakesman, and that in his opinion it was impossible to stop the train under the circumstances as aforesaid.

It was also in evidence that the woods on both sides of the track were very thick at the place of the accident, and that two boys were driving the mules, and instead of crossing the track the mules turned and went down the same ahead of the train.

The plaintiff then introduced one Hardison who testified that the road in which said mules were being driven was and had been a public highway for forty years; that defendant had built a bridge across a ditch on the east side of the track, which bridge had become rotten and had fallen in and the road at that point was impassable; that to avoid this obstruction and enable persons or stock to cross the rail road track it was necessary to go down the track; that said public road led to a mill and that said track was used in the manner described by persons living in the neighborhood.

It was also in evidence for the plaintiff that the train was running at the rate of about 25 miles an hour and that there was no diminution of the speed at the time of the accident.

Under the instructions of His Honor the jury rendered a verdict for the plaintiff assessing the damage at $400. Judgment. Appeal by defendant.

*Messrs. Green & Stevenson*, for plaintiff.
*Mr. A. G. Hubbard*, for defendant.

READE, J. The statute makes the mere fact of injuring cattle by a railroad *prima facie* evidence of neglect, provided suit is commenced in six months; so that the case has to be considered with that disadvantage to the defendant.

In order to remove that burden the defendant offered evidence tending to show that the mules of the plaintiff came upon the road suddenly at a place where they could not have been seen before they came upon it, and that the train was so near to them that it could not be stopped before it had killed them, although the servants on the train blew the alarm whistle and put down the brakes, and did everything in their power to stop it. This evidence, if believed, made out for the defendant a complete defence if nothing more had appeared.

But the plaintiff replies that the reason why the defendant could not stop his train was because the train was running at too high a rate of speed and that there was not a sufficient number of brakes upon it. And upon this question both sides offered evidence. The plaintiff's evidence tending to show that the train was running twenty odd miles an hour; and the defendant's, that it was only running twelve or thirteen miles an hour. There was no evidence as to the usual or necessary number of brakes for that train, nor was it left to the jury as a fact; but His Honor charged the jury as a matter of law that if the train was running at the usual speed of a freight train, then the number of brakes were sufficient and that there was no negligence; but if it was running at the speed of a mail train, then the number of brakes was not sufficient and that there was negligence.

In this we think there was error.

Our attention was not called to any statute regulating the speed of freight trains or mail trains, or the number of brakes to each. And we are not aware of any such statute. There is certainly no rule of the common law to that effect. The law is, that there must be a sufficient number of brakes to stop the train within a reasonable time and distance. And whether there was such a number in this case, was a question of fact. And whether that fact was to be tried by the Court or by the jury it was to be tried upon evidence.

FORBES *v.* A. & N. C. R. R. Co.

And here there was no evidence to guide His Honor or the jury and none to guide us. If an expert had testified that the number of brakes on this train was not the usual and necessary number and that a greater number would have stopped the train before it struck the mules, then His Honor might have charged as a matter of law that there was negligence in not having the usual and necessary number of brakes, and in not stopping the train before it struck the mules. Or if an expert had testified that the speed was too high and that therefore it was not and could not have been stopped within reasonable time and space, His Honor might have charged that there was negligence. But there was no evidence of that kind.

The defendant insists further that the plaintiff's servants wantonly, or at least carelessly, drove his mules upon the defendant's road and were thereby guilty of contributory negligence. If the fact be so then it is a good defence.

Railroads are lawful and useful and while they must use care not to injure the citizen, the citizen must use care also. And he cannot complain if harm come to him by his own negligence.

The plaintiff however replies that he was driving his mules along a public road and that a bridge was down which it was the defendant's duty to keep up, and that on that account, his mules could not cross the defendant's road and escape as otherwise they would have done.

The facts in regard to this are not sufficiently stated to enable us to see how it was.

What we have already said will be sufficient to guide the next trial.

Error.

PER CURIAM. *Venire de novo.*