PENN LUMBER COMPANY v. McPHERSON.

(Filed November 3, 1903.)

1. COUNTER-CLAIM — *Contracts* — *Pleadings* — *Foreclosure of Mortgages.*

In an action on a note to recover the possession of mortgaged property the defendant may set up a counter-claim arising from a breach of a contract.

2. REFERENCES—*Pleadings—Demurrer—The Code, sec. 421.*

A reference should not be ordered, after overruling a demurrer, until the pleadings are in and the parties are at issue.

ACTION by the Penn Lumber Company against D. J. McPherson, heard by Judge *O. H. Allen* at May Term, 1903,

LUMBER CO. *v.* MCPHERSON.

of the Superior Court of MOORE County. From a judgment for the defendant the plaintiff appealed.

*U. L. Spence* and *W. J. Adams,* for the plaintiff.
*Seawell, McIver & King* and *Murchison & Johnson,* for the defendant.

CONNOR, J. It is alleged in the complaint that the defendant executed his notes, aggregating one thousand dollars, payable to the plaintiff. That on the same day he executed to the plaintiff a mortgage on certain personal property therein described, which mortgage was duly recorded. That, although past due, no part of the notes have been paid. That the defendant wrongfully and unlawfully withholds the possession of said property, although the plaintiff has demanded the same; that at the institution of this action the plaintiff procured from the Clerk a requisition for the immediate possession of said property, etc. The prayer for judgment is that the plaintiff be declared the owner and entitled to the possession of said property and "for such other and further relief as it may be entitled to under this complaint in law and equity."

The defendant answering admitted the material averments in the complaint, and for "further answer," set up two causes of action against the plaintiff by way of counter-claim. He says that he entered into two contracts with the plaintiff, by one of which he was to furnish and the plaintiff was to accept certain timber, and by the other the plaintiff was to deliver and he was to haul to the plaintiff's mill certain logs; that although he has performed so far as he was permitted, and is ready, willing and able to fully perform his part of said contracts, the plaintiff has failed and refused to perform, etc.; that by reason of such failure he has sustained damage.

He further says that while he was sick the plaintiff used

eight mules belonging to him, and by improper treatment injured his mules, whereby he sustained damage.

The plaintiff demurred to both of said counter-claims, for that the cause of action set forth in the complaint is in tort, while the causes of action set forth in the answer by way of counter-claim arise out of contract. His Honor overruled the demurrer as to the first counter-claim, and sustained it as to the second. He further ordered a reference. To the judgment and the order of reference the plaintiff duly and in apt time excepted and appealed. The defendant not having appealed, the ruling of his Honor upon the second counter-claim is not before us.

We construe the complaint, in the light of the facts set forth, without regard to the specific prayer for judgment, as fixing the character of the action in contract. It seeks to recover the amount alleged to be due on the notes set out and possession of the property mortgaged, to the end that it may subject the same to sale for the purpose of paying said judgment. This judgment prayed for is incidental to and in aid of the primary right—the collection of the debt. Thus construed, we can see no reason why the defendant may not set up and have his counter-claim passed upon, to the end that the dealings between the plaintiff and himself may be settled and their rights adjudged in one action. The plaintiff says that the defendant entered into a contract with it and promised to pay one thousand dollars; that he failed to do so. This is a breach of contract. The defendant says this is true, but that the plaintiff entered into a contract with him and failed to perform its obligations in that respect. This is a breach of contract. The plaintiff says this is all true, but that these matters cannot be settled in one action, because one cause of action is in tort and the other in contract. But little progress toward the simplification of the science of pleading and the settlement of counter-claims in one action will have been made by our reformed

procedure if this cannot be done in this case. It is very clear that his Honor was correct in overruling the demurrer. The language of *Smith, C. J.,* in *Cotton v. Willoughby,* 83 N. C., 75; 34 Am. Rep., 564, is very appropriate here. That was an action for the recovery of a crop upon which the plaintiff held a mortgage. The Chief Justice said: "It may not be amiss to observe that if the plaintiffs recover they will hold as trustees, and as all interested in the fund are before the Court, we see no reason why, in the present proceeding, the mortgage may not be foreclosed, the equities involved adjusted and the whole matter finally adjudicated in this action." *Poston v. Rose,* 87 N. C., 79, was an action for the recovery of the possession of a crop upon which the plaintiff claimed a lien. The defendant set up a counter-claim, arising upon an account for boarding the plaintiff's child and for work and labor. The Court said: "It was certainly competent for the defendant to extinguish, by payment or proof of a counter-demand, the indebtedness due from the defendant, since the lien must be commensurate with the debt, and will be extinguished when it is paid. It is not an action merely to recover the possession of the property to which the lien adheres, but to have the indebtedness ascertained and adjudged, and then to enforce its payment, if necessary, by a sale of the property. *Livingston v. Farish,* 89 N. C., 140; *Austin v. Secrest,* 91 N. C., 218; *Woolen Co. v. McKinnon,* 114 N. C., 669.

We concur with his Honor's judgment upon the demurrer, but we are of the opinion that no order of reference should have been made in the condition of the pleadings. The reply of the plaintiff may interpose pleas in bar of the defendant's counter-claim, or it may appear that no reference is necessary. The cases fixing the practice in regard to the time at which a reference should be made are collected in Clark's Code, sec. 421 (1). It is not clear whether the order made by his Honor

directs a compulsory reference. It is important that when a reference is ordered for any of the reasons set forth in section 421 and the several subsections, it should appear clearly and affirmatively that the Court acts upon the authority found in said section, and that the exception to the order should conform to the ruling of this Court in *Driller Co. v. Worth,* 117 N. C., 515. We have at the present term had a striking illustration of the confusion and uncertainty into which the rights of parties litigant are thrown by a failure to observe the provisions of The Code as construed by this Court, *Kerr v. Hicks,* at this term. No order of reference either by consent or otherwise should be permitted by the Court until the pleadings are in and the parties are at issue. It is the purpose of the law of procedure to preserve and protect substantive rights. A failure to observe the law always results in confusion and too often in sacrifice of such rights. These observations are not called forth by any suggestions arising upon this record. The judgment is

Modified and affirmed.