S. FLEMING v. WASHINGTON AND VANDEMERE RAILROAD COMPANY.

(Filed 17 February, 1915.)

1. **Railroads—Killing of Animals—Interpretation of Statutes—Negligence—Presumptions—Legal Excuse.**

   . Unless some legal excuse is shown for not bringing an action against a railroad company for the killing of the plaintiff's cow by the defendant's train within six months from the time of the killing, there is no presumption of negligence on the defendant's part under the statute, Revisal, sec. 2645; and the statement of some one not having authority to speak for the railroad company, that it was not necessary to bring the action within the period of time stated, is not a sufficient or legal excuse for the delay.

2. **Railroads—Killing of Animals—Interpretation of Statutes—Negligence—Evidence—Rebuttal—Trials—Nonsuit.**

   The presumption of negligence on the part of a railroad company in killing an animal on its track by its train may be rebutted; and where the plaintiff has introduced, as his own witness, the defendant's engineer who was on the engine at the time of the killing, and who testifies, in effect, that with proper care the killing of the animal could not have been avoided under the circumstances, particularizing the details, and there being no further evidence in the plaintiff's behalf, a judgment of nonsuit is properly allowed.

3. **Railroads—Killing of Animals—Negligence—Expressions of Opinion—Res Gestæ.**

   The expression of an unidentified person that the defendant railroad company had been guilty of negligence in running upon and killing with its train the defendant's cow, made after the occurrence, is incompetent as tending to show that the killing was negligently done, as his privity with defendant and his authority to bind it had not been shown, and as it was a statement of a past transaction, and not a part of the *res gestæ.*

4. **New Trials—Newly Discovered Evidence—Court's Discretion—Appeal and Error.**

   The refusal of the trial judge to grant a motion for a new trial, based on newly discovered evidence, is a matter addressed to his discretion, and is not reviewable on appeal.

APPEAL by plaintiff from *Bond, J.,* at October Term, 1914, of BEAUFORT.

This action was brought to recover the value of a cow which plaintiff alleges was killed on the defendant's track by its negligence. The plaintiff testified for himself, that he found the cow on the right of way of the railroad company about two days after the injury. He then called as a witness the engineer of the defendant railroad company, who testified that on the night of 27 August, 1910, he was running an engine of the defendant railroad company; that it was very dark and raining; that the railroad-bed was in good condition and that the engine was properly equipped with headlight and brakes, and was in good condition gener-

ally; that he was keeping a very careful lookout and saw some cows on the track about a hundred yards ahead of him; that he was running at the time about 25 miles per hour; that as soon as he saw the cows he sounded the whistle and applied the brakes, and in fact did everything he could to keep from striking them, but that he did strike one cow and knocked her off the track; that it was impossible to stop the train sooner because of the slippery condition of the rails, due to the rain. The cow was killed 27 August, 1910, and this action was commenced 19 April, 1912. Plaintiff proposed to account for the delay in bringing his action by proving that some one who was connected with the defendant told him that a suit would not be necessary, but there was no proof, nor offer to prove, who made the statement, or, if it was made, that the person had any authority from the defendant to make it. The evidence was excluded, and the court, on motion, nonsuited the plaintiff, and he appealed.

*L. M. Scott for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

WALKER, J., after stating the facts: The judgment of the court was manifestly correct. There was no presumption or *prima facie* case of negligence, under the statute, Revisal, sec. 2645, as the action was not commenced within six months after the animal was killed, and it is provided therein that "no person shall be allowed the benefit of this section unless he shall bring his suit within six months after his cause of action shall have accrued." He offered no legal excuse for his delay in suing. That some one, without authority to represent the railroad, told him that an action would not be necessary, was no excuse. The defendant is not responsible for the statements or opinions of any one not authorized to speak for it. Besides, the plaintiff's delay continued for more than two years without any explanation. Why, if he was relying upon the statement of his informant, did he not press the matter to a conclusion sooner than he did, and if settlement was refused, then bring his suit? Excluding the presumption from consideration, as inapplicable, the case is brought directly within the decision in *Seawell v. R. R.,* 106 N. C., 272, which is very much like this case. The facts, as stated by the engineer, who was plaintiff's own witness, show that he complied in every respect with the most rigid and exacting rule, as laid down by this Court, in regard to the duty of an engineer to keep a proper lookout for obstructions on the track, and as said by *Justice Davis* in *Seawell's case:* "If the facts testified to by the engineer be accepted as true, there was no negligence on the part of defendant." The cases of *Forbes v. R. R.,* 76 N. C., 454; *Winston v. R. R.,* 90 N. C., 66, and *Proctor v. R. R.,* 72 N. C., 579, strongly support this view, and hold that even when an action

is brought within the six months, it makes out only a *prima facie* case and is not conclusive, and that upon evidence similar to that in this case, and not more favorable to the defendant, there is no negligence, and consequently no liability.

The statement of the unidentified person was not any evidence of negligence, and no more competent to prove it than it is to show a legal excuse for the delay. It was simply the expression of an opinion emanating from one not in privity with defendant and having no authority to bind it in any way, so far as appears. In one of its aspects—that is, as proof of negligence—it was the statement of a past transaction, and not a part of the *res gestæ*, and for that reason doubly incompetent. *Rumbough v. Improvement Co.*, 112 N. C., 752; *McEntyre v. Cotton Mills*, 132 N. C., 598; *Robertson v. Lumber Co.*, 165 N. C., 4.

The motion for a new trial, based upon the ground of newly discovered evidence, was addressed to the discretion of the judge, and, having been denied by him, the decision is not reviewable here. *Flowers v. Alford*, 111 N. C., 248; *Munden v. Casey*, 93 N. C., 97.

No error.