JOHN A. FARRIS v. FIRST CITIZENS BANK & TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF ELLIS THOMAS, DECEASED, J. C. LITTLE, ATTORNEY IN FACT; KEZHAYA THOMAS AND MRS. KEZHAYA THOMAS, HIS WIFE.

(Filed 19 April, 1939.)

**Trial § 47—**

　　Where the trial court grants plaintiff's motion, aptly made, for a new trial for newly discovered evidence but does so as a matter of law and not as a matter of discretion, the cause will be remanded on appeal in order that the court, at the next succeeding term, may determine the motion as a discretionary matter, the cause having been kept alive by defendants' appeal.

APPEAL by defendants from *Frizzelle, J.,* at January Term, 1939, of WAKE.

Civil action to recover damages for breach of alleged contract.

The court, on the trial below, sustained motion of defendants made at close of plaintiff's evidence for judgment as in case of nonsuit. Plaintiff excepted. During the same term and after judgment of nonsuit had been entered, plaintiff made a motion for new trial on the ground of new evidence discovered during the term. By consent, the matter was heard out of term and out of the district on depositions and affidavits as of the January Term, 1939, of Superior Court of Wake County. After finding certain facts "from the evidence taken thereupon" the court, by judgment 11 March, 1939, "as a matter of law and not as a matter of discretion," set aside the judgment as of nonsuit and ordered a new trial. Defendants appeal therefrom to the Supreme Court, and assign error.

*No counsel contra.*

*J. C. Little* and *P. H. Wilson* for defendants, appellants.

REDWINE *v.* BASS.

PER CURIAM. A motion for new trial on the ground of new evi-
dence, discovered during the trial term, is addressed to the discretion of
the trial judge, and his decision, whether granting or refusing to grant
the new trial, when made in the exercise of such discretion, is not ordi-
narily subject to review. *S. v. Casey,* 201 N. C., 620, 161 S. E., 81;
*Bullock v. Williams,* 213 N. C.; 320, 195 S. E., 791, and numerous other
decisions of this Court. But where, as here, the court allows such
motion of plaintiff as a matter of law without the exercise of discretion,
the defendants are entitled to have the motion reconsidered and passed
upon as a discretionary matter. See *Tickle v. Hobgood,* 212 N. C.,
763, 194 S. E., 474, where similar procedure was followed with respect
to the denial as a matter of law of an application for a bill of par-
ticulars.

In the present case, the motion, having been timely made, and kept
alive by appeal, may be considered at a succeeding term. *S. v. Casey,
supra,* and cases there cited. Therefore, the case is remanded to the
court below for further proceedings in accordance with this opinion.

Error.