GUY FRYE & SONS, INC., v. JOHN J. FRANCIS.

(Filed 13 April, 1955.)

**1. Trial § 49—**

A motion to set aside the verdict and grant a new trial on the ground that the verdict is contrary to the greater weight of the evidence is directed to the sound discretion of the trial judge, and his ruling thereon is not reviewable on appeal in the absence of abuse of discretion, G.S. 1-207.

**2. Trial § 47—**

A motion for a new trial on the ground of new evidence, discovered during the trial term, is addressed to the discretion of the trial judge, and his ruling thereon is not reviewable in the absence of abuse of discretion.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Pless, J.,* and a jury, at May Term, 1954, of CATAWBA. Judgment signed 1 October, 1954.

Civil action by plaintiff contractor to recover balance alleged to be due for materials furnished and labor performed in constructing and remodeling several buildings for the defendant.

The plaintiff's bill of particulars filed in support of the complaint shows total charges for labor and materials amounting to $21,315.35, and partial payments made by the defendant thereon totaling $17,614.91, thus indicating a balance due in the sum of $3,700.44. The partial payments shown in the bill of particulars are ten in number. They are itemized as to dates and amounts and range from $500 to $5,000. Only one is in the amount of $5,000. It is shown to have been made 21 May, 1949.

The defendant in his answer does not challenge the charge items totaling $21,315.35, and he admits all the credits shown in the bill of particulars. However, in addition to the credit of $5,000 shown to have been made on 21 May, 1949, the defendant alleges he made a like pay-

ment of $5,000 on 19 August, 1949, and that by reason thereof he has overpaid the plaintiff in the approximate amount of $1,300. On the basis of these allegations, the defendant prays judgment by way of counterclaim over against the plaintiff for the amount of the alleged overpayment.

In the trial below the single question at issue was whether the defendant made two payments of $5,000 each, or only one.

Guy Frye testified for the plaintiff in substance: that the defendant made only one payment of $5,000 and that it was made on 21 May, 1949. He explained that on that date he endorsed the defendant's note at the First National Bank, in Hickory, in the amount of $5,000 and the Bank made the defendant a loan in that amount and that the proceeds were turned over to the plaintiff for credit on the defendant's account; that the defendant later paid the note. Cross-examination: "Yes, that's the note I endorsed May 21, 1949, and I got the money out of it that day. . . . I did my banking at the First National . . . He did not pay but one $5,000 . . . No he did not pay me down at Myrtle Beach in August of 1949."

The defendant Francis testified in material part: ". . . Mr. Frye went on a note for me for $5000 on May 21. Mr. Frye wanted me to pay him some money and I did not have it. . . . Mr. Frye went with me to the bank . . . and he signed it—a note for 30 days, . . . The note was for $5,000. Mr. Frye endorsed the note and Mr. Frye got the money May 21. The note was renewed at the end of 30 days. It was paid July 16, 1949, by check. . . . In August, 1949, Mr. Frye came to me and complained and said he had to have some more money, . . . I told him I did not have any money . . . I thought maybe they would go on another note, . . . He went and . . . made out another note for $5000. . . . He signed it for 90 days. . . . Mr. Frye got the money. When it was due, it was renewed, . . . It was paid when I sold the plant in 1952." Cross-examination: "Yes, I am telling the jury I made two $5000 payments. . . . Q. And how much is it that you claim you overpaid . . .? A. $1,300. Q. When do you say the overpayment occurred? A. When we made the last $5000 payment August 19."

T. L. Cilley, Assistant Cashier of First National Bank, testified: ". . . There is a credit to Guy Frye's account August 19, 1949, for $5000. I have the original deposit slip with me. It is . . . dated 8-19, the item being described Francis, amount $5,000. . . . The ledger liability sheet shows August 19, 1949. John Francis signed a note for $5000, endorsed by Guy Frye. This was a new note to be due February 17, 1950." Cross-examination: ". . . The August 19 proceeds were deposited to Mr. Frye's account."

Guy Frye, recalled, testified: "I did not get but one $5000 payment. . . . I am absolutely certain that it was May 21 when I got the $5000, and my books show that this was the date."

T. L. Cilley, recalled by the court, testified in substance: that he was satisfied separate loans of $5000 each were made the defendant, on Frye's endorsement, one in May 1949, the other in August 1949; that when a loan of that kind is made the proceeds may be disbursed in either of three ways: (1) deposit credit may be given, (2) the proceeds may be paid out in cash, or (3) a bank check may be issued. The plaintiff's ledger sheet shows no record of a $5,000 deposit on 21 May, 1949, nor at any time during May of that year; that on 21 May, 1949, there "was a smaller credit to Mr. Frye's account, but apparently no connection with this particular note. The credit is $3,610, but I do not have the original deposit slip. I do not know from what source that came."

These issues were submitted to and answered by the jury as indicated:

"1. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: Nothing.

"2. What amount, if any, is the defendant entitled to recover of the plaintiff? Answer: Nothing."

The plaintiff moved to set aside the verdict on the first issue as being against the greater weight of the evidence. Whereupon the court stated that since the jury had gone out, the witness Cilley had communicated with the court and stated that on further investigation he learned that the Bank had paid the proceeds of the 21 May note to the defendant with its cashier's check, which check had been deposited in or cashed by a bank in Myrtle Beach, South Carolina.

The plaintiff moved to amend the bill of particulars by changing the 21 May $5,000 credit to read 19 August, 1949.

The presiding Judge stated that under all the circumstances he would like to have Mr. Cilley make a thorough investigation of the records of the Bank as to Mr. Frye and such records as the defendant might have. Thereupon, by consent, the court took the motions under advisement and instructed Mr. Cilley to report to him his findings.

It was further agreed the court could pass upon the motions in or out of term, out of the county and out of the district.

Thereafter, and under date of 10 July, 1954, the witness Cilley mailed the presiding Judge at his home in Marion, N. C., a written report based on his further examination of the records of the Bank. These in substance are the material facts reported:

1. That there is no record of any deposit of $5,000 to the plaintiff's credit on 21 May, 1949.

2. That the original deposit slip exhibited to the court at the trial shows a credit to plaintiff's account on 19 August, 1949, "in the amount of $5,000, described as proceeds of Francis note."

3. In an attempt to reconcile the discrepancy under investigation, it was found that Mr. Frye's daughter went to the First National Bank when the action was being prepared and requested information about a note for $5,000 that Mr. Frye had endorsed for the defendant, and on the basis of information received, Mr. Frye assumed that he had received the proceeds of the $5,000 loan made on 21 May, 1949, but the records of the Bank show that these proceeds were given to the defendant in the form of a cashier's check for $4,975, and that he deposited or cashed the check at his bank in Myrtle Beach, South Carolina.

The judgment entered 1 October, 1954, recites that after full consideration of the motion and additional evidence the court is of the opinion the verdict should not be disturbed. The judgment decrees that neither party recover anything of the other.

From the judgment so entered, the plaintiff appeals.

*Theodore F. Cummings for plaintiff, appellant.*
*Willis & Geitner for defendant, appellee.*

JOHNSON, J.   A motion to set aside the verdict and grant a new trial on the ground that the verdict is contrary to the greater weight of the evidence is directed to the sound discretion of the presiding judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. G.S. 1-207; *Poniros v. Teer Co.,* 236 N.C. 145, 72 S.E. 2d 9; *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686.   See also *Roberts v. Hill,* 240 N.C. 373, bot. p. 380, 82 S.E. 2d 373.

Similarly, a motion for new trial on the ground of new evidence, discovered during the trial term, is addressed to the discretion of the trial judge, and his decision, whether granting or refusing the motion, is not reviewable in the absence of an abuse of discretion.   *Farris v. Trust Co.,* 215 N.C. 466, 2 S.E. 2d 363; *Bullock v. Williams,* 213 N.C. 320, 195 S.E. 791; *Fleming v. R. R.,* 168 N.C. 248, 84 S.E. 270; *Carson v. Dellinger,* 90 N.C. 226.

In the case at hand abuse of discretion is not claimed by the appellant and has not been made to appear.   It necessarily follows that the result of the trial must be upheld.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.