J. A. PERRY AND EULA D. PERRY v. ALBERT DOUB, TRUSTEE, L. A. DOUB, TRUSTEE, AND CAREY N. ROBERTSON.

(Filed 14 January, 1959.)

1. **Reference § 1—**

The reference statutes are to be liberally construed to effectuate their purpose of facilitating the work of the court and simplifying the issues to be submitted to a jury when right to trial by jury is preserved.

2. **Reference § 3—**

When the pleadings show that a long and complicated accounting is necessary in order to answer the ultimate issue, the trial judge, after the filing of both the complaint and the answer, is vested with authority to order a compulsory reference.

3. **Same—**

Where the pleadings and escrow agreement between the parties disclose a controversy in regard to numerous items making up an account, the trial court is authorized to order a compulsory reference, and it is immaterial to the validity of the order of compulsory reference that the items relate to the consideration for only two notes or that the controversy later is narrowed to only a few of the items controverted in the pleadings.

4. **Same—**

The fact that both parties except to the order of compulsory reference and demand a jury trial does not demonstrate that a compulsory reference was improvidently ordered.

5. **Appeal and Error § 45—**

Where the jury answers the issue as to breach of contract by defendant in the negative, the refusal of the court to submit issues as to special and punitive damages for the alleged breach cannot be prejudicial.

6. **Usury § 8—**

The statutory penalty for usury is imposed only when a corrupt intent exists to take more than the legal rate of interest. G.S. 24-2.

7. **Trial § 49—**

The action of the trial court in setting aside the verdict on one of the issues is sustained, the record failing to show any abuse of discretion with respect thereto. Further, in this case plaintiffs were not prejudiced thereby in view of the fact that defendant later conceded the amount due and judgment was entered thereon.

PERRY *v.* DOUB.

**8. Judgments § 17b—**

Where defendant tenders judgment placing plaintiffs in the same position as if the jury had answered the issue in plaintiffs' favor, the matters in controversy are settled by concession and the court properly enters judgment thereon, and plaintiffs may not object thereto, plaintiffs being entitled to an adjudication of their rights, but not being entitled to insist on how their rights should be ascertained.

**9. Bills and Notes § 18—**

The burden is on the makers to show alleged want of consideration for their note.

APPEAL by plaintiffs from *Sharp, S. J.,* February 1958 Assigned Civil Term, of WAKE.

This action was begun 22 January 1952 when summons issued at the instance of plaintiffs. An order was then entered allowing them time to file their complaint. The complaint was filed 15 February 1952 and served on defendant Robertson on 20 February 1952. (Defendant Albert Doub is a stakeholder. Defendants Doub are not interested in the result.) Robertson filed answer 14 March 1952. On 21 June 1952 plaintiffs filed a reply to Robertson's answer. On 18 September 1952 plaintiffs, asserting that they had inadvertently omitted "certain matters and causes of action relating to cause alleged and arising out of the same transaction," were granted permission to file an amended complaint. An amended complaint was filed. At the November Term 1952 an order was entered requiring plaintiffs to reform their complaint and state their asserted causes of action separately. Plaintiffs were allowed thirty days in which to redraft their pleadings. On their motion this time was later extended. On 5 January 1953 an amended complaint was filed. It lists twenty-four items paid to or for plaintiffs by defendant Robertson and alleges balances owing them on two loan contracts. This pleading was analyzed on plaintiff's appeal from an order sustaining a demurrer to a portion thereof at the Fall Term 1953 of this Court. See 238 N.C. 233.

Following that decision, Robertson answered. He admitted his agreements to make loans to plaintiffs to be secured by the two deeds of trust referred to in the complaint. He alleged he had complied with his contracts. He admitted a controversy arose in the fall of 1951 with respect to the amount owing by plaintiffs; payment to him of $17,415.41, the amount plaintiffs admitted owing; and a deposit with Doub of $7,677.18, the additional amount claimed by Robertson to be owing, to be by Doub held pursuant to the agreement referred to in the factual summary appearing 238 N.C. 233. He asserted he had, in conformity with the agreement of 11 December 1951, furnished plaintiffs a statement of the various payments made to or for

them. A copy of this statement is attached to and made a part of defendants' answer. It lists thirty-one items of advances made by Robertson. Some of the items listed in this statement appear in the complaint. Several do not appear in the complaint, and, as to some listed in the complaint, the parties are not in agreement as to which note and deed of trust the advance is applicable.

When the cause was called for trial at the February Term 1954 Judge Stevens, after an examination of the pleadings, ordered a reference. Plaintiffs and defendants excepted and preserved their rights to jury trial.

The referee held hearings and on 29 January 1957 filed his report. Plaintiffs and Robertson filed exceptions and tendered issues arising on their exceptions. The cause was heard on the exceptions filed by Carr, J., and a jury at the May Term 1957. At the conclusion of the evidence Judge Carr sustained defendants' motion for nonsuit as to plaintiffs' fifth cause of action which asserts special and punitive damages for failure to make the loans as agreed upon.

Issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff J. A. Perry fail to receive from the defendant Carey N. Robertson the sum of $3863.73 as a part of the consideration for the note given by plaintiff to defendant in the sum of $22,000?

"ANSWER: No.

"2. In what amount, if any, is the defendant Robertson indebted to the plaintiffs by reason of a partial failure of consideration for the note in the sum of $3,000 given by plaintiffs to defendant Robertson?

"ANSWER: None.

"3. Did the defendant Robertson knowingly and intentionally charge or reserve on the loan evidenced by the $22,000.00 note and deed of trust a greater rate of interest than allowed by law?

"ANSWER: Yes.

"4. Did the defendant Robertson knowingly and intentionally charge or reserve on the loan evidenced by the $3,000 note and deed of trust a greater rate of interest than allowed by law?

"ANSWER: . . . . .................... ... ."

Plaintiffs moved to set aside the verdict as to issues 1 and 2. Their motion was denied. Defendant moved to set the verdict aside as to the third issue. This motion was allowed. The court thereupon entered judgment that plaintiffs were not entitled to recover on the first, second, and fourth causes of action. The cause was retained for the submission of the third issue to a jury and for final judgment based on the jury's finding with respect to that issue. Plaintiffs excepted to the judgment.

At the November Term 1957 the question presented by the third issue was again submitted to a jury. Because of the inability of the jury to agree, a mistrial was ordered.

The cause was next calendared for trial at the February Term 1958. Judge Sharp made this finding:

"This cause was duly calendared for trial on February 10th 1958, the first day of this term, as the first case for a jury trial; that upon the call of the calendar on the morning of February 10th 1958 it was the concensus of counsel for both the plaintiffs and defendants that this case, if tried, would consume the entire week or a minimum of five days; that the plaintiffs announced their readiness for trial, whereupon counsel for the defendants informed the Court that they desired to tender to the plaintiffs a judgment which would place them in the same position financially as if the jury had answered issue No. 3 in plaintiffs' favor, or Yes; that counsel for the plaintiffs announced that the plaintiffs would refuse the tender of any judgment unless the defendants agreed that issue No. 3 be answered Yes and the defendant Robertson confess of record that he had charged usury."

Based on the jury's verdict as to the first and second issues, and defendant's concession with respect to the usurious charge covered by the third issue, there was due to Robertson on 11 December 1951 $23,847.56, which includes interest on the $3,000 loan but excludes interest on the larger loan. The $17,415.41 paid by plaintiffs to Robertson left a balance owing him of $6,432.15. This deducted from the $7,677.18 left a balance in Doub's hand to which plaintiffs were entitled of $1245.03. Judge Sharp, on the tender made by defendant, adjudged that he was not entitled to recover interest on the larger sum, that plaintiffs were entitled to recover from the moneys deposited with Doub the sum of $1235.03 with interest on that sum at the rates provided in the certificate of deposit held by Doub in accordance with the stipulation of the parties. She taxed the costs against defendant Robertson and directed payment of the balance to Robertson. The amount adjudged to be owing to plaintiffs is incorrect by the sum of $10. The judgment recites that the amount of the deposit was $7,667.18 whereas the pleadings and admissions fix the amount deposited and held in escrow as $7,677.18. The judgment was entered 19 February 1958. Plaintiffs were permitted to appeal as paupers. The case on appeal was certified 6 October 1958, docketed here, and heard on oral argument on 29 October 1958.

*Stanley Winborne, Vaughan S. Winborne, and Samuel Pretlow Winborne for plaintiff appellants.*

*Mordecai, Mills & Parker for defendant, appellee.*

RODMAN, J. The chronological history of this litigation clearly indicates the desirability of bringing it to a conclusion as early as that is practicable without prejudice to the rights of any of the parties.

Plaintiffs' first assignment of error challenges the right of the court to order a compulsory reference.

The trial judge is by statute, G.S. 1-189, authorized to order a compulsory reference where the examination of a long account is necessary to settle the controversy. Our statutes authorizing trial by referees are liberally construed to facilitate the work of the court and to simplify the issues to be submitted to a jury when the right to trial by jury is preserved. *Haywood County v. Welch,* 209 N.C. 583, 183 S.E. 727; *Cotton Mills v. Maslin,* 200 N.C. 328, 156 S.E. 484; *Murchison Nat. Bank v. Evans,* 191 N.C. 535, 132 S.E. 563; *Jones v. Beaman,* 117 N.C. 259.

The pleadings show what matters are in controversy. No reference can be ordered before the complaint and answer are filed. *Lumber Co. v. McPherson,* 133 N.C. 287; *Kerr v. Hicks,* 131 N.C. 90. When the pleadings show that a long or complicated accounting is necessary in order to answer the ultimate issue, the trial judge is vested with authority to order a compulsory reference. *Texas Co. v. Phillips,* 206 N.C. 355, 174 S.E. 115; *Kagey v. Fox West Coast Theatres Corp.,* 92 A.L.R. 286; 45 Am. Jur., 549, 550.

Plaintiffs contend the reference was not authorized because, as they say, only two items were in dispute, one amounting to $3,863.73, and the other amounting to $1,354.49. They concede the latter amount is not a single item but a total of several items; but it was not the mere fact that the controversy ultimately narrowed down to what plaintiffs say was at most some six or seven items. It was the manner in which plaintiffs formulated the complaint. In December 1951 an escrow agreement had been entered into. The amount plaintiffs conceded to be owing was paid by them. The additional sum sufficient to cover the amount claimed by defendant was deposited in escrow. This agreement obligated Robertson to furnish plaintiffs with a statement of the advances claimed to have been made by him. On 17 December 1951 Robertson complied with the agreement and filed a statement showing some thirty-one charges to plaintiffs' account. With this statement of the account in their possession plaintiffs elected not to directly challenge the items they now contend they should not be held liable for, but, exercising their right, constructed their own statement of the account. Some of the items not in dispute are nevertheless disputed as to which loan they are properly chargeable to. We are convinced from our examination of the pleadings that such a complicated accounting was indicated as authorized the trial judge in

his discretion to order a reference. The fact that both plaintiffs and defendant excepted and each demanded a jury trial does not, as plaintiffs suggest, demonstrate that a compulsory reference was improvidently ordered.

Plaintiffs' second assignment of error is to the judgment nonsuiting their fifth cause of action. The facts there stated are not a cause of action, but, as held on plaintiffs' prior appeal, a mere basis on which to award special and punitive damages for breaches of the contracts set out as the first and second causes of action. It may well be doubted if plaintiffs offered any evidence which would support an award of special or punitive damages; but if it be conceded that such evidence was offered, no harm has come to plaintiffs in not submitting the question to the jury. When the jury answered the first and second issues and thereby found defendant had performed his contracts, no damages of any character could be awarded against him.

It is conceded that a trial judge in the exercise of his discretion may set a verdict aside, *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805; *Frye & Sons, Inc. v. Francis,* 242 N.C. 107, 86 S.E. 2d 790, but plaintiffs insist the record here shows an abuse of discretion with respect to the third issue. A critical examination of the record fails to disclose anything which supports the assertion. The statutory penalty (G.S. 24-2) for charging usurious interest is imposed only when a corrupt intent exists to take more than the legal rate. *Bailey v. Inman,* 224 N.C. 571, 31 S.E. 2d 769. Each side offered evidence supporting their position with respect to defendant's intent in making the charge. The judge manifestly thought plaintiffs had failed to carry the burden imposed on them. A subsequent jury was unable to agree on that question.

The tender made by defendant authorizing the entry of judgment placing plaintiffs "in the same financial position as if the jury had answered issue No. 3 in plaintiffs' favor, or Yes" left no controverted fact for determination. Since all controverted issues had been settled by jury verdict or by concession, Judge Sharp was authorized and under the duty to enter a final judgment. The concession made by defendant and the judgment based thereon, rendered by Judge Sharp, effectively eliminated the exception taken by plaintiffs to the order of Judge Carr setting aside in his discretion the verdict on the third issue.

Plaintiffs were entitled to an adjudication of their rights. They were not entitled to insist on how their rights should be ascertained. They were not entitled to require the court to sit for a week and hear evidence to establish a fact which, if established, would give them no greater right than defendant was willing to accord. Plaintiffs' exception to the rendition of the judgment based on defendants' stipu-

lation is without merit. The amount which plaintiffs are entitled to receive from the fund on deposit is $1245.03, and the clerical error noted by us will be corrected accordingly.

Our examination of the charge and the several exceptions thereto fails to show prejudicial error. The court properly placed the burden of proof on plaintiffs to establish their allegations that the notes given are wanting in consideration.

The judgment will be amended to correct the clerical error herein noted and as so amended is

Affirmed.