MARY R. POOLE v. HARVEY MOTOR COMPANY, INCORPORATED, AND
KENNETH HUGH HILL, ORIGINAL DEFENDANTS; AND CARSON R.
POOLE, AND W. ROY POOLE, INC., ADDITIONAL DEFENDANTS.

(Filed 1 November, 1961.)

Trial § 49—

Movant made it appear that a person who was an eyewitness to the
collision in suit disclosed to movant that he was an eyewitness only after
the witness had read in the newspaper of the verdict of the jury in the
case, and that the witness would give material testimony as to how the
collision in suit occurred. *Held:* There was sufficient showing to invoke
the discretionary power of the court to order, during the trial term, a
new trial for newly discovered evidence, and the court's action in grant-
ing the motion is affirmed.

APPEAL by original defendants, Harvey Motor Company, Incorpo-
rated, and Kenneth Hugh Hill, from *Mintz, J.,* April 1961 Term of
LENOIR.

Civil action to recover for damage to an automobile, resulting from
a collision between an automobile owned by plaintiff and being driven
by her husband, and a station wagon owned by Dr. W. T. Parrott and
being driven by Kenneth Hugh Hill, an employee of Harvey Motor
Company, Incorporated, who was acting in the course of his employ-
ment, which occurred about 2:30 o'clock p. m. on the afternoon of 4
May 1959 at the intersection of Stockton Road and Woodview Road
in the city of Kinston.

Plaintiff alleged that the collision was caused by the actionable
negligence of Harvey Motor Company, Incorporated, and of Kenneth
Hugh Hill, its employee. These defendants deny that they were negli-

gent, and allege that if it should be shown upon the trial that they were negligent, Carson R. Poole, husband of plaintiff and driver of her automobile at the time as an employee of W. Roy Poole, Incorporated, in the course of his employment, and W. Roy Poole, Incorporated, were negligent and that their negligence concurred with the negligence of the original defendants as a proximate cause of the damage to plaintiff's automobile, and pray that Carson R. Poole and W. Roy Poole, Incorporated, be made parties defendant for the purpose of enforcing contribution pursuant to the provisions of G.S. 1-240. The court entered an order making them parties defendant, and the original defendants filed a cross action against the additional defendants to enforce contribution, if they, the original defendants, should be found guilty of actionable negligence.

When the action was tried before Judge Mintz and a jury, three eyewitnesses to the collision testified, Carson R. Poole for plaintiff, and Kenneth Hugh Hill and John DeVane, an employee of Harvey Motor Company, Incorporated, for the original defendants. Carson R. Poole was knocked unconscious in the collision, and in a daze was carried to a hospital.

The jury found by its verdict that plaintiff's automobile was not damaged by the negligence of the original defendants, and did not get to the issue of the amount of damage to plaintiff's automobile, the issue of whether the additional defendants were negligent, and the issue in respect to contribution.

One George I. Ford, a resident of Kinston, was an eyewitness to the collision. He did not disclose to plaintiff that he was an eyewitness to the collision until after he read in the Kinston Free Press, an afternoon daily in Kinston, an article stating that the jury had decided the case against plaintiff.

Plaintiff first learned of this new evidence during the trial term. Whereupon, plaintiff during the trial term and before judgment on the verdict made a motion for a new trial on the ground of newly discovered evidence.

Judge Mintz at the trial term, and before judgment, entered an order to the following effect: It appeared to the court, upon a consideration of plaintiff's motion for a new trial on the ground of newly discovered evidence, and after hearing the argument of counsel for the parties, that the motion should be allowed in the discretion of the court, and that the verdict before rendered should be set aside and a new trial granted. Whereupon, Judge Mintz in his discretion ordered that the verdict be, and it hereby is, set aside, and further ordered in his discretion a new trial be had.

From the order entered the original defendants appealed.

*Jones, Reed & Griffin for plaintiff, appellee.*
*Whitaker and Jeffress for Harvey Motor Company, Inc., and Kenneth Hugh Hill original defendants, appellants.*

PARKER, J.   This Court said in *Frye & Sons, Inc., v. Francis,* 242 N.C. 107, 86 S.E. 2d 790: "Similarly, a motion for new trial on the ground of new evidence, discovered during the trial term, is addressed to the discretion of the trial judge, and his decision, whether granting or refusing the motion, is not reviewable in the absence of an abuse of discretion. *Farris v. Trust Co.,* 215 N.C. 466, 2 S.E. 2d 363; *Bullock v. Williams,* 213 N.C. 320, 195 S.E. 791; *Fleming v. R. R.,* 168 N.C. 248, 84 S.E. 270; *Carson v. Dellinger,* 90 N.C. 226."

"A motion for new trial on the ground of new evidence, discovered during the trial term, is addressed to the discretion of the trial judge, and his decision, whether granting or refusing to grant the new trial, when made in the exercise of such discretion, is not ordinarily subject to review." *Farris v. Trust Co.,* 215 N.C. 466, 2 S.E. 2d 363.

Appellants' contention is that there was an abuse of discretion by Judge Mintz, for the reason that plaintiff in her motion for a new trial on the ground of newly discovered evidence has made an insufficient showing to invoke a discretionary ruling in her behalf by Judge Mintz.

Three eyewitnesses testified about the collision: Carson R. Poole, husband of plaintiff, and Kenneth Hugh Hill, a defendant, and John DeVane, an employee of Harvey Motor Company, Inc., another defendant. The written statement of George I. Ford, who is apparently a disinterested witness, is that he was sitting in his automobile parked on the north side of Woodview Road about 50 feet east of the intersection in which the collision here occurred, and saw the collision. That plaintiff's automobile entered the intersection first, and that as her automobile approached the intersection he saw the automobile which struck her automobile as it came off of Jones (Carey) Road into Stockton Road at a speed sufficient to cause the tires to squeal as he turned into Stockton Road, and as he traveled southwardly on Stockton Road the station wagon he was driving veered to the left and then back to the right and was traveling at least 40 to 45 miles per hour as it entered the intersection of Stockton Road and Woodview Road. Plaintiff's automobile in the collision was knocked southwardly some several feet from the point of impact, and Carson R. Poole was thrown from the automobile on to the street. The operator of the station wagon said in his presence he did not see plaintiff's automobile before he struck it.

The prerequisites to the granting of a motion for a new trial for newly discovered evidence are set forth fully in *Johnson v. R. R.*, 163 N.C. 431, 79 S.E. 690; *Brown v. Hillsboro*, 185 N.C. 368, 117 S.E. 41; *Brown v. Sheets*, 197 N.C. 268, 148 S.E. 233; *S. v. Casey*, 201 N.C. 620, 161 S.E. 81; *Love v. Queen City Lines*, 206 N.C. 575, 174 S.E. 514.

The new evidence here, presented by plaintiff at the trial term and before judgment entered, goes to the heart of the case, to wit, the collision of the two automobiles. An examination of the affidavits offered by plaintiff in support of her motion shows compliance with the required tests. When compared with the evidence introduced at the trial of the case in the superior court, it appears that the newly discovered evidence is not merely cumulative, and it does not tend only to contradict a former witness or witnesses, or to impeach or contradict him or them. No one could possibly be so well advised as to the justice and propriety of granting or refusing a motion for a new trial for newly discovered evidence as the judge who has just heard the facts developed in the trial. Plaintiff has made out a showing of newly discovered evidence sufficient in law to invoke the discretionary ruling here of Judge Mintz at the trial term. No abuse of discretion on his part is shown.

The discretionary order of Judge Mintz, setting aside the verdict and granting a new trial on the ground of newly discovered evidence at the trial term, is

Affirmed.