# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Edward Crisp,**
**Respondent Below, Petitioner**

**vs)  No. 13-0122** (Summers County 02-D-08)

**Mary Jo Crisp (now Pitzer),**
**Petitioner, Below, Respondent**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Edward Crisp, by counsel Paul S. Detch, appeals the "Order Refusing Appeal" entered by the Circuit Court of Summers County on December 14, 2012. The circuit court's order refused a petition for appeal and a cross-petition for appeal from a June 22, 2012, order of the Family Court of Summers County. Petitioner argues that the lower courts erred in concluding that he owes back child support and medical expenses. Respondent Mary Jo Crisp Pitzer, by counsel Winifred L. Bucy, and Respondent West Virginia Bureau of Child Support Enforcement ("BCSE"), by counsel Kimberly D. Bentley, respond in support of the lower courts' orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Crisp and Ms. Pitzer were divorced by final order entered on May 9, 2002. Pursuant to that order, custody of their minor child was allocated to Ms. Pitzer, and Mr. Crisp was ordered to pay $486 per month in child support directly to Ms. Pitzer beginning on June 1, 2002. Mr. Crisp was also ordered to pay a portion of the child's medical expenses.

On December 29, 2011, the BCSE filed a motion on Ms. Pitzer's behalf asserting that Mr. Crisp owed $72,580.92 in unpaid child support and accrued interest. Ms. Pitzer retained separate counsel and asserted that in addition to the unpaid child support, Mr. Crisp also owed her $1,340.92 as his share of the child's medical expenses. Mr. Crisp filed a petition to determine arrearage and child support. He argued below, and argues in this appeal, that Ms. Pitzer should be estopped from asserting any claim for back support or medical expenses. He contends that shortly after entry of the final divorce order, he and Ms. Pitzer verbally agreed to ignore the child support order and, instead, Mr. Crisp would pay a portion of the child's expenses as they arose. He asserts that he acted in conformity with the verbal agreement for approximately nine years and has paid thousands of dollars for the child's needs. No motion to modify the child support award was filed regarding this alleged agreement. Ms. Pitzer denies that she agreed to forego

1

child support and asserts that threats by Mr. Crisp dissuaded her from pursuing back child support earlier. Ms. Pitzer also denies that Mr. Crisp has paid as much of the child's expenses over the years as he now claims to have paid.

The family court refused Mr. Crisp's request to apply the doctrine of laches to Ms. Pitzer's claim. On June 22, 2012, the family court entered a decretal judgment order against Mr. Crisp for back child support and interest in the amount of $72,580.92, plus $1,340.92 for Mr. Crisp's share of the child's medical expenses and pre-judgment interest thereon.[1] When calculating the back child support, the family court gave Mr. Crisp credit for ten payments that he had made to Ms. Pitzer, but did not allow credit for amounts that he asserts he spent directly on the child. In a supplemental order, the family court awarded attorney's fees to Ms. Pitzer. By order entered December 14, 2012, the circuit court refused cross-appeals of the family court's orders.

Mr. Crisp now appeals to this Court. In the sole Syllabus Point of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004), we held the following regarding the standard of review:

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

First, Mr. Crisp argues that the family court erred by not declaring that Ms. Pitzer and the BSCE were estopped by laches from collecting the past due support. He notes that Ms. Pitzer's claims were not brought in court until nine years after the entry of the final divorce order. We reject this argument as being contrary to well-established law. When a provision for periodic payments of child support is made in a divorce decree, these installments become decretal as they become due. Syl. Pt. 1, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987); Syl. Pt. 5, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d. 543 (1993). Furthermore, West Virginia Code § 38-3-18 provides for a ten year statute of limitations on the collection of judgments. We held that "'[t]he ten-year statute of limitations set forth in W.Va. Code § 38–3–18 [1923] and not the doctrine of laches applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support.' Syllabus Point 6, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (1993)." Syl. Pt. 1, *Shaffer v. Stanley*, 215 W.Va. 58, 593 S.E.2d 629 (2003). All of the support payments at issue in this case were due and owing fewer than ten years from the date that the BSCE and Ms. Pitzer filed motions to collect. Accordingly, the claims were brought within the ten-year limitations period and were timely under the law.

Mr. Crisp cites to our per curiam opinion in *Runner v. Howell*, 205 W.Va. 359, 518

---

[1]In addition, the child moved to Mr. Crisp's home in December of 2011 and, as part of the current proceedings, Mr. Crisp moved for modification of the support order. The family court prospectively modified the child support award. However, the instant appeal only concerns amounts owed up through December 1, 2011, prior to the filing of Mr. Crisp's request for modification.

2

S.E.2d 363 (1999), to urge us to apply the doctrine of equitable estoppel. In *Runner*, we found no basis to apply equitable estoppel. The *Runner* opinion discussed a prior case, *Kimble v. Kimble*, 176 W.Va. 45, 341 S.E.2d 420 (1986). In Syllabus Point 3 of *Kimble*, we allowed a very narrow exception where, if the welfare of the child has not been adversely affected, a custodial parent may be barred by equitable estoppel from seeking enforcement of the decretal obligation of a noncustodial parent who has executed formal consent for the child's adoption, but the adoption was not consummated due to the inaction of the custodial parent. *Id.*, 176 W.Va. at 47, 341 S.E.2d at 422. The facts of the case sub judice are in no way similar to the facts of *Kimble*. Among other differences, Mr. Crisp has not executed any consent to adoption. We decline Mr. Crisp's invitation to broaden the *Kimble* exception.

Finally, Mr. Crisp argues that it was error for the family court to refuse to credit monies he spent under what he believed to be a verbal agreement with Ms. Pitzer. Once again, Mr. Crisp's argument is not supported by the law. The parties to a child support order do not have the power to contract away a court-ordered child support award. We held in Syllabus Point 2 of *Kimble*, 176 W.Va. at 47, 341 S.E.2d at 422, that "[a] decretal child support obligation may not be modified, suspended, or terminated by an agreement between the parties to the divorce decree." Moreover, Syllabus Point 2 of *Goff* provides that "[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." *Id.*, 177 W.Va. at 744, 356 S.E.2d at 498. There are no allegations of fraud or other judicially cognizable circumstance in the procurement of the original award, and Mr. Crisp never filed a motion to modify his child support obligation based upon the alleged verbal agreement.

Mr. Crisp suggests that the law regarding modification of a child support order should be disregarded because he was pro se when obtaining the divorce and did not know of the need to file a motion for modification and obtain a court order. We find that his purported ignorance of the law is no excuse, particularly considering that the purpose of the award was for the care and support of a child.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II